[No. 30934. Department One. July 15, 1949.]

FLORENCE E. FARRAR, *Respondent*, v. GLEN W. FARRAR, *Appellant*.[1]

*Warren Hardy*, for appellant.

*Wright & Wright*, for respondent.

BEALS, J.—From the record before us in this case, it appears that, for some time during and prior to 1945, Florence E. Farrar, plaintiff in this action, and Glen W. Farrar, the defendant, were husband and wife; that, June 19, 1945, in an action for divorce instituted by Florence E. Farrar, an order was entered awarding "an Interlocutory Order of Divorce" to each party, granting the custody of the two minor adopted children of the parties, Michael Magnus Farrar and Judy Farrar, to the plaintiff, providing that the defendant pay to the plaintiff one hundred dollars per month

[1]Reported in 208 P. (2d) 643.

.for the support of the two children, and dividing the property of the parties between them.

December 29, 1945, pursuant to the terms of the interlocutory order, a decree was entered divorcing the parties and confirming and continuing the provisions of the order.

September 17, 1948, Glen W. Farrar filed in the divorce action his petition for a modification of the decree of divorce (two previous similar petitions having been denied), alleging, after pleading the interlocutory order and the decree, that, May 3, 1946, he and Geraldine Osborn, the divorced wife of Edward A. Osborn, intermarried; that the Osborns had two children, Susan and Michael, aged, respectively, twelve and six years; that, by the decree of divorce entered in the case of Osborn v. Osborn, the wife, Geraldine, was awarded the custody of the children, their father having been directed to pay for their support eighty dollars per month; that, July 3, 1948, Mr. Osborn remarried, and, shortly thereafter, filed a petition asking for a reduction of the amount he was required to pay the present Mrs. Farrar for the support of the Osborn children.

Mr. Farrar asked that, if the amount which Mr. Osborn was required to pay for the support of his children be reduced, the amount which he, Farrar, was required to pay to the plaintiff in this action for the support of his children also be reduced. Other facts were alleged, as grounds for the granting of the petition.

Florence E. Farrar filed her answer to the petition, asking that the same be denied.

The matter came on regularly to be heard, with the result that an order denying the petition to modify the decree was entered, from which Mr. Farrar has appealed.

Appellant assigns error upon the denial of his petition for modification of the divorce decree.

From the statement of facts, it seems clear that Mr. Osborn's petition for modification of the divorce decree in the case of Osborn v. Osborn had been heard by the same judge who presided at the hearing on Mr. Farrar's petition, and that the judge had ruled that the payments made by Mr.

Osborn for the support of his children should be reduced from eighty dollars to sixty-five dollars per month, the appellant here complaining that his petition for a reduction of the money which he was required to pay respondent for the support of his children was not also granted.

Mr. Farrar and his present wife, Geraldine (formerly Mrs. Osborn), appellant's former wife, Florence Farrar, and her father, Magnus Peterson, testified at the hearing on appellant's petition.

Appellant testified that he was employed, receiving a salary, after deductions, in the sum of $306.15 per month; that, in addition to his salary, he received an annual bonus, which, during the prior year, had amounted to six hundred thirty dollars, less twenty per cent; that his employer furnished him with an automobile and paid for the expenses of its operation; that he and his family resided near Bellevue, east of Lake Washington; that his family consisted of his wife, Geraldine, and her two children; that he was paying to his former wife, Florence Farrar, one hundred dollars a month for the support of their two children, pursuant to the decree entered in the divorce action; that his present wife had been employed at one hundred eighty dollars a month, but that she left her employment in February, 1948, so that she could remain at home and care for her children.

Appellant detailed his necessary disbursements each month, and stated that the required payments of one hundred dollars per month for the support of his children, while Mr. Osborn was required to pay to Mrs. Farrar less for the support of the Osborn children, made it difficult, if not impossible, for appellant to meet his necessary expenses.

Respondent, Florence E. Farrar, was called as a witness by appellant and testified that, during the years 1946 and 1947 and up to September 4, 1948, she had been employed as a "ladies' coat maker"; that, during the periods mentioned, her net earnings for each year were, respectively, $957.93, $743.03, and $1,139.66; that she had left her employment September 3, 1948, to care for her children, because both of

the children were going to school and she "could not find anybody to look after them."

It may be noted that appellant's present wife relinquished her position to take care of her two children.

Called as a witness on her own behalf, Mrs. Farrar testified concerning her expenses and necessary disbursements for care of the children and her general living expenses. While she was working, she could save no money and was compelled to pay others for household work and for the care of the children, at an expense of more than she was able to earn. She testified that her living expenses and the cost of caring for the children had considerably increased during the past two years; that, at the time of the trial, her daughter was five years old and her son seven; that, while she and appellant were husband and wife, they purchased a home from respondent's parents, making monthly payments of twenty-five dollars on account of the purchase price; that the equity in the premises was awarded to respondent when she and appellant were divorced, and that she had continued to make the payments of twenty-five dollars a month. She further testified that she would not have been able to support herself and her children without some help from her parents.

Respondent's father, Magnus Peterson, testified that, when his daughter and appellant, being then husband and wife, adopted the two children, the witness and his wife sold them their own home for thirty-four hundred dollars, without any down payment; that the witness had assisted his daughter in supporting herself and the children, when necessary, and that, without such help, respondent would not have been able to "get along."

It is a matter of common knowledge that the cost of living and the expense connected with child care have greatly increased during the past few years.

The trial court, in its oral decision, referred to the decree in the case at bar as awarding the payments to be made to respondent by appellant for respondent's support and the support of the two children, and indicated that appellant's

petition would be denied. When appellant's counsel called the court's attention to the fact that the award to respondent was for the support of the children only and not for her support, the court adhered to its ruling.

Appellant argues that, as the court reached that conclusion upon a misapprehension, this court should modify the order appealed from, by reducing the payments which appellant is required to make under the decree of divorce. On this appeal, we are concerned only with the order appealed from and, when the court finally announced its ruling and when the order was signed, the court was fully advised as to the terms of the interlocutory order and the final decree in the case at bar.

In such matters as this, the trial court has a large discretion, and its orders will not be reversed or modified unless some abuse of the court's discretion or other manifest error appears.

Consideration of the record before us convinces us that no error nor abuse of discretion on the part of the trial court appears, and the order appealed from is affirmed.

JEFFERS, C. J., STEINERT, MALLERY, and HILL, JJ., concur.