[No. 33130.   Department One.   May 12, 1955.]

JUNE E. CORSON, *Appellant*, v. RICHARD A. CORSON, *Respondent*.[1]

[1] Reported in 283 P. (2d) 673.

*Tyre H. Hollander*, for appellant.

*Jonson & Jonson*, for respondent.

FINLEY, J.—Appellant was granted a divorce from respondent on October 24, 1951. Custody of their one child, then three years of age, was awarded to appellant wife, and

respondent was directed to pay one hundred dollars per month toward the child's care, education, maintenance, and support. The decree of divorce contained no prohibition against appellant removing the child from this state, but it did provide for reasonable rights of visitation by respondent. Appellant has now remarried, and is living in Texas. The minor child of the parties is with her. Respondent husband has also remarried and has one child by his second wife. He is also supporting the two children of his present wife by a previous marriage. Respondent made three monthly support payments to appellant, and then quit.

On March 8, 1954, respondent filed a petition for modification of the support money provision of the divorce decree. On March 10, 1954, appellant procured an order directing respondent to show cause why he should not be adjudged in contempt of court for failure to make the support money payments provided for in the decree. These matters came on regularly for hearing, and, as a result thereof, an order was entered by the trial court, (1) requiring the respondent to pay ten dollars per month on account of the sum of twenty-nine hundred dollars (the amount of the unpaid support money installments), to avoid being adjudged in contempt of court; and (2) relieving respondent of the duty to make further support money payments until the further order of the court, or until such time as the appellant should return the minor child of the parties to the state of Washington. From this order, appellant wife has appealed.

Appellant contends that, in so far as the trial court's order provides for payment by respondent of ten dollars per month on the past-due installments of support money, it is a modification of the obligation due on these past-due installments, because it deprives appellant of her remedies for collection of them. Appellant states, and correctly so, that past-due installments for support money under a divorce decree constitute a fixed obligation, and cannot be modified by any subsequent order of the trial court. *Sanges v. Sanges*, 44 Wn. (2d) 35, 265 P. (2d) 278, and cases cited. However, we do not agree with appellant's contention

that the order of the trial court is a modification of respondent's obligation to pay the past-due installments, in that it provides the sole manner by which such installments shall be paid, and thereby deprives appellant of the usual remedies for collection, such as garnishment, attachment, and execution, which otherwise would be available to her. By its very language, the order purports to do nothing more than provide respondent with a means whereby he may purge himself of contempt. In no way does it impair such remedies as may be available to appellant for collection of the past-due installments of support money.

We believe this argument of appellant is without merit. The proceeding instituted by appellant was a civil contempt proceeding, addressed to the discretion of the superior court, which, after a hearing, may enter such an order as the court, in the exercise of its discretion, deems appropriate. *Lear v. Lear*, 29 Wn. (2d) 692, 189 P. (2d) 237, and cases cited. We find no abuse of discretion on the part of the trial court in entering that part of the order referred to, which enables respondent to avoid being adjudged in contempt of court.

Appellant next contends that it was error for the trial court to modify the support money provision of the decree by relieving respondent of any duty to make further support money payments, when, by the terms of the divorce decree, he had previously been required to pay one hundred dollars per month toward the support of the minor child of the parties. In *Feek v. Feek*, 187 Wash. 573, 60 P. (2d) 686, we said:

"The fact that appellant subsequently remarried and has another child, or possibly two children, does not, of itself, relieve him of the obligation fixed by the original decree. In such cases, the court will make such adjustment as the necessities of the parties demand and the ability of the husband permits. [citing cases]."

The party petitioning for modification of the support money provision of a divorce decree has the burden of presenting evidence which shows such a change of conditions or circumstances since the entry of the divorce decree, or the last preceding order fixing support money payments, as

would justify modification. *White v. White*, 24 Wn. (2d) 52, 163 P. (2d) 137 and cases cited. In the present action, respondent husband has presented evidence of changed conditions regarding the necessities of his present household and his ability to pay. Appellant wife, while stating by way of affidavit that she and her present husband have not the means to provide properly for the education, maintenance, and support of the minor child of appellant and respondent, has stated only conclusions as to these matters, and has given no indication of her present husband's income, apart from stating that he has not been steadily employed, and has worked only intermittently.

■■ In determining whether or not a petition for modification of support money payments should be granted, the trial court has a large discretion, and its orders will not be reversed or modified unless some abuse of the court's discretion or other manifest error occurs. *Farrar v. Farrar*, 34 Wn. (2d) 152, 208 P. (2d) 643. The evidence on the issue of modification of the support money provision, from an adversary's point of view, may seem to be sufficient to have enabled the court to exercise its discretion and enter an appropriate order of modification. However, divorce actions and proceedings ancillary thereto are not adversary in the customary sense, for the state is an interested party. In effect, such proceedings involve three parties: the plaintiff, the defendant, and the state. Where minor children are involved, the state's interest is that, in so far as is possible, provision shall be made for their support, education, and training, to the end that they may grow up to be worthy and useful citizens. *Heney v. Heney*, 24 Wn. (2d) 445, 165 P. (2d) 864. A proper exercise of the discretion of the trial court in this matter would seem to require further information as to the circumstances of appellant wife, particularly more specific information as to her present husband's income, in the sense that these matters relate to the welfare of the minor child involved.

■ Appellant contends that the trial court erred in entering that part of the order providing that respondent is

relieved of any duty to make further support money payments until further order of the court, or *"until such time as the plaintiff* [appellant here] *shall return said minor child to the state of Washington."* Appellant emphasizes the portion of the order, italicized above. We agree with appellant's contention. When, as here, the decree grants the father rights of visitation, but contains no prohibition against removal of the child from this state by the custodial mother, the father's obligation to make support payments is not contingent upon the continued, convenient exercise of his right of visitation. He is not excused from such support payments by the fact that the mother has taken the child out of this jurisdiction. *Lear v. Lear, supra.* The inclusion of the above quoted provision of the order constituted error by the trial court.

■ Finally, appellant contends that it was error for the trial court to admit evidence of appellant's predivorce conduct. With this we agree. In a proceeding to modify the support money provision of a divorce decree, evidence of the predivorce conduct of the parties is immaterial and inadmissible. *Dinesen v. Dinesen,* 29 Wn. (2d) 178, 186 P. (2d) 611. In such a case, the only relevant inquiry is whether or not there has been such a change of circumstances since the date of the last judicial pronouncement regarding support money payments as would justify or require a modification thereof. *White v. White, supra.*

■ Respondent, however, argues that the issue of predivorce conduct was opened up by counsel for appellant because of certain allegations in his opening statement, and, therefore, respondent was entitled to rebut these allegations. We think otherwise. If appellant did in fact open up the question of the predivorce conduct of the parties by remarks made in her counsel's opening statement, this did not justify the trial court in receiving further testimony on this issue, offered in rebuttal by respondent. Erroneous admission of evidence is not cured by the reception of additional inadmissible evidence, even though the latter is admitted to counter the possible prejudicial effect of the former. In

making inadmissible and prejudicial remarks in the opening statement for appellant, counsel should have been stopped by the court, advised to desist, and told that such matters would be disregarded by the court. The same disposition should have been made of the efforts at rebuttal by counsel for respondent.

The order is reversed,. and the cause remanded to the superior court for further proceedings consistent with the views expressed in this opinion. Neither party shall receive costs on this appeal.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

