[No. 37148.    Department Two.    June 24, 1965.]

CLARY LAMBERT, *Appellant*, v. FRANK LAMBERT, JR.,
*Respondent.**

*Reported in 403 P.2d 664.

*Shirley N. Holland*, for appellant.

*Newman H. Clark*, for respondent.

HAMILTON, J.—This is an appeal from an order modifying the alimony and support provisions of an outstanding divorce decree.

The plaintiff-appellant, Clary Lambert, brought two daughters by a previous marriage into her marriage to defendant-respondent, Frank Lambert, Jr., in December, 1952. Two sons were subsequently born to the Lambert union. Since the appeal in this proceeding, one of the sons has died. During the marriage, respondent practiced optometry in Kirkland, Washington, with an income reaching approximately $13,000 per year. His personal life, however, became involved and, in February, 1962, Mrs. Lambert commenced divorce proceedings alleging as grounds, among other things, misconduct on the part of Mr. Lambert with her two daughters. The action, which was contested, culminated in the entry, on November 7, 1962, of extensive findings of fact, together with conclusions of law, and a final decree of divorce, from which neither party appealed. Respondent's transgressions also resulted in criminal proceedings and a deferred sentence, one of the conditions of which was that he comply with the provisions of the divorce decree.

The essential provisions of the findings, conclusions, and decree in the divorce action, insofar as they relate to this proceeding are: (1) Mrs. Lambert was awarded a decree of divorce, essentially upon the grounds alleged; (2) she was given custody of the two boys, then ages 8 and 4, with specified and limited visitation rights accorded to Mr. Lambert; (3) he was ordered to pay the sum of $135 per month per child for the boys' support, and $200 per month as alimony for a period of 5 years, $150 per month for the succeeding 3 years, and $100 per month for 2 years thereafter, all subject to further order of the court; and (4) the property of the parties, with the exception of a minor stock account which was not brought to the attention of the court, was divided.

During pendency of the divorce action and because of the notoriety surrounding the cause thereof, respondent's reputation and business diminished in Kirkland. At the time of trial, it was deemed advisable that he forego the business and accept proffered employment elsewhere, and, at or about the time of the entry of the divorce decree, respondent left Kirkland and began working for another optometrist in nearby Bellevue for a salary of $700 per month. This employment lasted one month, his employer terminating the relationship because respondent did not discontinue his optometric practice in Kirkland, and on his free time was in effect competing with his employer. But for this fact and respondent's adamant desire to remain in the area, his employer indicated his employment could have continued and probably prospered.

Respondent returned to Kirkland and undertook to revive his former practice, incurring in the process expenses of approximately $750 per month. On December 18, 1962, approximately a month and a half after entry of the decree, he moved for a modification in response to a show cause order issued at the instance of appellant in her attempt to collect delinquent support and alimony payments. His motion was dismissed upon the ground that it was not properly before the court and thereafter, on January 16,

1963, he filed and served a petition for modification seeking a reduction of the specified payments, alleging, among other things, that

[A]t the time of trial of the above cause, which commenced on October 3, 1962 and was completed October 8, 1962, petitioner expected and so testified that he had been employed and would receive $700 a month in his profession. That petitioner was employed during November and received $600 therefor, and otherwise has not been employed. The petitioner also was awarded as his separate property his optometry business located in Kirkland, Washington, together with all fixtures and property with reference thereto. That upon losing his employment in November, 1962, petitioner has spent his full working time trying to regain his optometry business with limited success, as is detailed in his affidavit of December 15, 1962 on file herein, which is made a part herein by this reference. . . .

Respondent's decision to return to his Kirkland practice occasioned further delinquencies in his support obligations and renewed collection efforts upon the part of appellant. Several writs of garnishment were issued, including one upon the minor stock account which was not distributed in the divorce action.

Respondent's modification petition came on for hearing on May 3, 1963, it having been continued pending disposition of the criminal proceedings heretofore referred to. On May 7, 1963, the trial judge filed a written memorandum decision, stating:

The court is of the opinion that the defendant [respondent] would be better off to seek to re-establish himself in another community. His judgment as to his business cannot be interfered with. The court must keep in mind that the defendant could, if he wished, abandon his present business and earn a minimum of $600.00 per month elsewhere. It is quite apparent in fixing the amount of payments the court, at the time of the decree, did not take into consideration the fact that defendant's business would be ruined by reason of his misconduct.

Thereafter the court entered an order modifying the decree of divorce in the following particulars:

(a) Alimony was reduced by $50 per month and child support payments to $75 per child;

(b) The reductions of said payments were made retroactive to January 16, 1963, the date of respondent's modification petition;

(c) Respondent's obligation to make up delinquent alimony and support payments was deferred until December 1, 1963;

(d) Outstanding writs of garnishment were released and appellant was enjoined from issuing further attachments or garnishments against respondent's business property and automobile;

(e) Appellant was denied costs and attorney's fees.

The trial court did not enter findings of fact or conclusions of law; however, the order recites, *inter alia*:

That defendant has had a change of circumstances in that he was employed only for a period of one month during November, 1962, and received a net sum of $630 therefor.

On appeal, appellant first contends that the trial court erred in failing to enter findings of fact before entry of the order modifying the divorce decree. Rule of Pleading, Practice and Procedure 52.04W, RCW vol. 0, provides:

The trial court shall make findings of fact in all equity cases, and in all law cases tried before the court without a jury.

A modification proceeding, although a continuation of the original action, is a separate proceeding, in that it rests upon new facts and presents new issues arising since the entry of the original decree. *State ex rel. Mauerman v. Superior Court*, 44 Wn.2d 828, 271 P.2d 435 (1954). We can conceive of no logical reason why Rule 52.04W, *supra*, should not apply to such a proceeding. Indeed, it would seem that compliance with the rule would aid and assist any further proceedings in the original action as well as facilitate any appellate processes that might become involved. Accordingly, the trial court should have required presentation and entry of findings of fact.

Appellant, however, did not timely move to vacate the order entered, as provided by Rule of Pleading, Practice and Procedure 52.08W, RCW vol. 0. Since the recitals of the order of modification, when read in the light of the memorandum decision, reveal the basis upon which the trial court predicated its order, we find no prejudice and appellant points to none. Furthermore, the essential facts are not in serious dispute. This error, then, must be deemed waived, and a remand for the entry of findings would be a useless and unnecessary act. *Cogswell v. Cogswell*, 50 Wn.2d 597, 313 P.2d 364 (1957); *Malfait v. Malfait*, 54 Wn.2d 413, 341 P.2d 154 (1959).

Appellant next assigns error to the trial court's action in reducing the alimony and support provisions provided in the divorce decree.

It is well settled in this jurisdiction, as in others, that a decree granting alimony or support can be modified only upon a showing of a substantial and material change in the condition and circumstances of the parties, occurring since the entry of the decree, relative to the factors of (1) the necessities of the divorced wife and children, and (2) the practical and realistic ability of the ex-husband to meet the obligations so imposed. *Bartow v. Bartow*, 12 Wn.2d 408, 121 P.2d 962 (1942); *Gordon v. Gordon*, 44 Wn.2d 222, 266 P.2d 786 (1954); *Hanson v. Hanson*, 47 Wn.2d 439, 287 P.2d 879 (1955); 89 A.L.R.2d 11.

The burden of demonstrating the required change of circumstances, rests upon the party petitioning for the modification. *Corson v. Corson*, 46 Wn.2d 611, 283 P.2d 673 (1955). And, determination of the question whether, under the evidence presented, there has been a substantial and material change in circumstances which will authorize and justify a modification in the alimony and support payments is addressed to, and rests within, the sound judgment and discretion of the trial judge, whose decision thereupon will not be reversed on appeal absent error or abuse of discretion. *Wages v. Wages*, 39 Wn.2d 74, 234 P.2d 497 (1951); *Gordon v. Gordon, supra; Hanson v. Hanson, supra.*

■ In answering the question of whether the party petitioning for modification has met the burden of demonstrating a change in circumstances, occurring subsequent to the entry of the decree or order sought to be modified, the basic test, absent the most exceptional circumstances, is: Could and should the facts now relied upon as establishing a change in the circumstances have been presented to the court in the previous hearing? *Heuchan v. Heuchan*, 38 Wn.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410 (1951); *Brim v. Struthers*, 44 Wn.2d 833, 271 P.2d 441 (1954); *Susnar v. Susnar*, 45 Wn.2d 62, 273 P.2d 237 (1954).

.In the instant case, the underlying circumstance relied upon by respondent, and the trial court in modifying the decree, was that respondent had voluntarily elected to return to Kirkland and pursue his depressed business. This could be characterized as commendable from the standpoint of respondent's personal satisfaction and the conservation of an asset awarded to him in the divorce proceeding; however, it was a step taken at considerable expense at a time when he was already delinquent in his support obligations and his family was in need. It was a step, too, the prospect of which was squarely before the trial court for consideration in the divorce proceeding and at the time of entry of the findings of fact and decree on November 7, 1962. That this is so, is evident from such findings, a portion of which reads as follows:

That the defendant's [respondent's] income from his business as an optometrist in previous years has been in the neighborhood of $13,000.00; that although the income from the business is down considerably because of the adverse community response to defendant's foregoing transgressions, the defendant has been offered a job in another city in his profession as an optometrist at a beginning salary of $700.00 per month and his earning ability has not in fact been impaired . . . . Finding of Fact No. 7.

■ The resultant, self-induced decline in respondent's income, then, did not constitute such an exceptional change in circumstance that was not, could not, and should not

have been presented to and considered by the court in the divorce proceeding. It could not, therefore, be relied upon as affording the required basis for modification of the outstanding alimony and support provisions. Voluntary reduction in income or self-imposed curtailment of earning capacity, absent a substantial showing of good faith, will not constitute such a change of circumstances as to warrant a modification. *McKey v. McKey*, 228 Minn. 28, 36 N.W.2d 17 (1949); *Commonwealth ex rel. Mazon v. Mazon*, 163 Pa. Super. 502, 63 A.2d 112 (1949); *Crosby v. Crosby*, 182 Va. 461, 29 S.E.2d 241 (1944).

The trial court perforce erred in predicating its modification order upon such ground. The order must, therefore, be reversed with directions to reinstate the provisions of the original divorce decree until a change in circumstances not litigated in the divorce action is found to exist. The computations of outstanding arrearages are, accordingly, modified to conform with amounts and credits due and owing.

██ Two further assignments of error deserve comment. First, the trial court, by its order, restrained appellant from enforcing collection of arrearages by the remedies of garnishment, attachment or execution, and provided for future payment of such arrearages in installments, without interest. This the court was not empowered to do. *Starkey v. Starkey*, 40 Wn.2d 307, 242 P.2d 1048 (1952); *Corson v. Corson, supra*. Secondly, the trial court failed to determine the status of the minor stock account not brought before and considered by the trial court hearing the divorce action. This property became the property of the parties as tenants in common and subject to partition or other appropriate declaratory relief. *Olsen v. Roberts*, 42 Wn.2d 862, 259 P.2d 418 (1953); *Northwestern Life Ins. Co. v. Perrigo*, 47 Wn.2d 291, 287 P.2d 334 (1955). Declaratory relief was requested by appellant in the present proceeding, and the issue thus presented should have been given consideration. *Pittman v. Pittman*, 64 Wn.2d 735, 393 P.2d 957 (1964).

We find no merit in and do not reach appellant's remaining assignments of error.

The cause is, accordingly, remanded for such further proceedings as are consistent herewith. Appellant shall recover her costs on appeal.

HILL, DONWORTH, WEAVER, and OTT, JJ., concur.