PAULA COLLINS, *Respondent*, v. MARSHALL W. COLLINS, *Appellant*.

*David E. Schweinler* (of *Ross & Schweinler*), for appellant.

*Ronald Peters* (of *Peters & Tracy*), for respondent.

ARMSTRONG, C.J.—In this appeal we answer the single issue presented by holding that the trial court did not abuse its discretion in concluding that modification of a child support provision in a divorce decree was warranted because the welfare of the parties' minor child was directly and significantly affected by the conditions or circumstances existing subsequent to the decree. We further hold that the trial court did not err by determining that a fair and reasonable amount of support to be required from the defendant father for the benefit of the minor child would be $200 per month.

The marriage of the parties to this appeal was terminated

by a decree of divorce entered on April 7, 1970. At that time custody of a minor child, born February 7, 1968, was awarded to the mother, subject to the father's reasonable rights of visitation. The amount of child support to be required from the father was also determined by the decree of divorce, which confirmed and approved a property settlement agreement signed by both parties after counsel and advice from their respective attorneys.

Pursuant to the agreement between the parties, Mr. Collins was required to pay as child support $75 per month or 10 percent of his salary, whichever was larger, until his salary reached the sum of $1,250 per month. Whenever his salary exceeded $1,250 per month, up to the sum of $2,500 per month, he was required to pay a fixed sum of $125 per month child support. If his salary should exceed $2,500 per month, he was required to pay 5 percent of his gross salary up to a maximum of $225 per month.

The record reflects that this graduated support scale was agreed upon between the parties and approved by the court because at the time of the entry of the decree of divorce, the father had been furloughed from his position as a second flight officer with a national airline, and was not certain when he would be rehired. Although he had taken a temporary job with the Air Force Reserve as an instructor pilot, this employment was also uncertain. The father testified that the Air Force initially employed him for only 30 days at a time, and that he was later assigned "89 day tours." He further testified that there was an 89-day limit on active duty for reservists, and that any duty in excess of that limit required a waiver from Air Force Reserve Headquarters. The mother explained the situation in her testimony on cross-examination as follows:

A I felt sorry for Marshall at the time of the divorce, because he was really in limbo and he wasn't quite sure when he would be rehired by Western Airlines, and as a matter of fact, it was a year or so that he was in limbo, and I felt really bad about it, that he really didn't know how long he could work full time for the

reserve, and I felt sorry for him, so I was trying to make it easy for him.

Q Is that why the support was low you considered?

A Right.

The mother, who at the time was attending nursing school, also testified that she believed she would be able to support herself and the minor child on her income from part-time work at a hospital, and the support payments agreed upon with her husband. Based upon these facts, the divorce court entered the decree and approved the property settlement agreement and child support provision.

■ Nearly 3 years later, on February 15, 1973, the wife commenced the instant action seeking to modify the decree of divorce to increase the amount of child support required from the father. Two fundamental principles governing our review of the trial court's decision to grant the requested modification have been well established by case law. First, a fully litigated divorce decree granting child support to the mother should be modified only where following the decree there has been a material change in the condition or circumstances of the parties relative to the necessities and basic welfare of the child, and to the practical and realistic ability of the father to pay the proper amount of support. *Lambert v. Lambert*, 66 Wn.2d 503, 508, 403 P.2d 664 (1965); *Ware v. Ware*, 9 Wn. App. 276, 512 P.2d 742 (1973); *Child Support Decree-Modification*, Annot., 89 A.L.R.2d 7 (1963).[1]

---

[1]The test applicable to a modification of a divorce decree with regard to child *custody* or *visitation* has frequently been phrased in slightly different language:

Thus, a change in custody would seem to be justified under *either* of two conditions, when (a) there has been a material change in conditions or fitness of the parties, or (b) the welfare of the children would be promoted thereby. In a number of cases the court has strongly emphasized that, after a custody arrangement has been settled or fixed by the court, a *change in conditions or circumstances* is requisite for a change in custody. The underlying reasoning is sound. Changes in custody can be and usually are upsetting to children. Consequently, a change in custody should be made only when the welfare of the child or children is an overriding and clearly compelling consideration. Any change in the conditions or

The obvious rationale behind this first principle is that where the provisions of a decree are fully litigated by the parties the decree is final and res judicata as to issues determined on conditions *then existing*. The decree remains res judicata unless and until a material change in the circumstances of the parties justifies its modification in the interest of the welfare of the children. This is so that the courts may not be taken over by one set of litigants for the continued readjudication and reconsideration of their affairs. *Brim v. Struthers*, 44 Wn.2d 833, 835, 271 P.2d 441 (1954); *see also In re Rankin, supra* at 538; *Hughes v. Hughes*, 11 Wn. App. 454, 463, 524 P.2d 472 (1974).

■ The second well-settled principle governing our review of this modification proceeding is concisely set forth in *Lambert v. Lambert, supra* at 508:

> [D]etermination of the question whether, under the evidence presented, there has been a substantial and material change in circumstances which will authorize and justify a modification in the alimony and support payments is addressed to, and rests within, the sound judgment and discretion of the trial judge, whose decision thereupon will not be reversed on appeal absent error or abuse of discretion.

*Hanson v. Hanson*, 47 Wn.2d 439, 287 P.2d 879 (1955); *Gordon v. Gordon*, 44 Wn.2d 222, 266 P.2d 786 (1954). Upon

---

circumstances of either parent is of little moment in custody matters, *unless the welfare of the children is directly and significantly affected thereby*. Thus, the phrase, *a change in conditions*, in application and meaning actually relates to the welfare of the children involved; and, upon analysis, the requirement that a change of conditions be shown in order to modify custody provisions is simply another way of stating that a showing must be made that the welfare and the best interests of the children clearly require a change in custody.

*Klettke v. Klettke*, 48 Wn.2d 502, 505-06, 294 P.2d 938 (1956); *see also Selivanoff v. Selivanoff*, 12 Wn. App. 263, 529 P.2d 486 (1974); *cf. In re Rankin*, 76 Wn.2d 533, 537, 458 P.2d 176 (1969).

We note that statutory requisites to a modification of a decree with regard to either support, visitation or custody have been specifically set forth by the legislature as part of the dissolution of marriage act in RCW 26.09.170, RCW 26.09.240 and RCW 26.09.260, respectively. These provisions became effective July 16, 1973.

the facts before the court in the instant modification proceeding, we hold that the court did not abuse its discretion in concluding that the father had the ready ability to pay the increased amount of support determined to be appropriate in the interest of the welfare of the minor child.

The father does not argue that the amount of support required was excessive or that it was not commensurate with his financial ability to meet the obligation imposed. Rather, the father's primary argument is that the mother failed to demonstrate the required change of circumstances. We disagree.

The trial court could properly have considered the fact that at the time of the divorce decree, the child was but 2 years old, whereas at the time of the modification proceeding the child had reached 5 years, the "pre-school" or kindergarten age. Wholly aside from the dispute between the parties as to whether their child should attend public schools or a moderately expensive local private school, the court could have considered that as the child's "formal" education began, the expenses of raising the child would necessarily increase. To this necessary increase may simply be added the near unprecedented inflation which beset the country and became so painfully manifest during the latter part of 1973 when the trial court determined that this modification was warranted.

In determining to change the graduated or "sliding" scale of support payments specified in the divorce decree to a fixed sum provision, the court could also properly have considered the fact that the graduated provision in the divorce decree was itself the subject of dissension and disagreement between the parties. A dispute as to whether the father was complying with the graduated support provision had necessitated resort to counsel and the court for assistance, and substantial attorney fees were being incurred.

Another major factor which the court could properly have considered in exercising its discretion to modify the decree was the fact that at the time of the divorce the father was earning less than $1,000 per month, and more

significantly, the nature of his employment was uncertain and speculative, whereas at the time of the modification proceedings the father was steadily employed, had acquired seniority or job security, and was admittedly earning in excess of $1,500 per month.

The father argues that the adoption of the graduated scale indicates that a substantial increase in his earnings was contemplated by the divorce court and therefore may not properly be considered a changed condition or circumstance. *See Ware v. Ware, supra* at 277. However, it should be obvious that a mere increase in the father's earnings is itself of little moment unless there is a showing that the welfare and best interests of the child require an increase of support which the increased income enables the father to pay. Such a showing was made in this case.

Moreover, we believe that upon the record before it in the modification proceeding, the court could reasonably have found that the graduated scale was agreed upon by the parties, and adopted by the divorce court, because of the uncertainty surrounding the father's employment, rather than as a means of continually increasing the required support as the father's income increased. In this regard it may be noted that the support provision specified a fixed sum of $125 per month regardless of any increase in the father's income, so long as the monthly income remained within $1,250 to $2,500 per month. The trial court could properly have considered the circumstances to have changed when it appeared that the father now had a steady income within the above range, and the record revealed that the provision in the property settlement agreement was not at the time adequate to support the minor child.

Based upon the above factors which the court could properly have considered, we do not believe that it was an abuse of discretion to modify the support provision, nor do we believe the court erred in determining from the record that $200 per month was reasonable.

The judgment is affirmed, including the court's award to the mother of $550 as reasonable attorney fees for the trial

of this matter. A reasonable attorney fee for service rendered on this appeal is additionally hereby awarded to the plaintiff mother, and the cause is remanded to the Superior Court for the limited purpose of fixing such fee.

PEARSON and PETRIE, JJ., concur.