[No. 4765–2–III.   Division Three.   March 8, 1983.]

*In the Matter of the Marriage of* CAROLE M. CHAPMAN, *Respondent, and* MILTON A. CHAPMAN, *Appellant.*

*Mark B. Callen,* for appellant.

*Cynthia L. Schwartz,* for respondent.

MUNSON, J.—Milton Chapman appeals from the modification of his child support payments for Ginger and Michael Chapman. He contends the record does not contain, as required by RCW 26.09.170,[1] substantial evidence of a change of circumstances. We hold the record is sufficient and the trial court's exercise of discretion was reasonable; the new support awards are affirmed.

Mr. Chapman also contends the trial court erred in modifying a repayment schedule for support arrearages established at an earlier modification hearing, arguing the motion was not properly before the court. We disagree. Other than to affirm the arrearages, trial courts have no authority (except in circumstances not present here)[2] to modify accumulated judgments. We hold the judgments were immediately collectible.

The couple was married in September 1964. Two children were born of the marriage: Ginger in December 1965 and Michael in August 1968. The Chapmans were divorced March 30, 1972; Mrs. Chapman received custody of the two

---

[1]RCW 26.09.170 states in pertinent part:

"Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances."

[2]*See Schafer v. Schafer,* 25 Wn. App. 353, 606 P.2d 293, *aff'd,* 95 Wn.2d 78, 621 P.2d 721 (1980).

children and child support of $62.50 per child per month. Mrs. Chapman remarried and became Mrs. DeSautel in 1973; this marriage was dissolved June 28, 1980. From the second dissolution, Mrs. DeSautel received a property settlement of $8,000.

In December 1979, Mrs. DeSautel petitioned to modify the child support and to affirm past due and unpaid child support payments. A hearing was held February 11, 1980, but the final order was not entered until October 13, 1980.[3] The Ferry County Superior Court ordered Mr. Chapman to pay increased child support of $100 per child per month. The court also ordered:

> IT IS FURTHER ORDERED that the Respondent, Milton Chapman, be ordered to pay to the Petitioner, Carol Desautel, back child support of $125.00 per month plus eight percent interest from March 30, 1974 for a sum of $11,884.19 less $300.00 already paid for a total sum owed of $11,584.19.

On May 8, 1981, Mrs. DeSautel petitioned the Spokane County Superior Court for increased child support and "[f]or affirmation by this Court of the arrearages stated in said Order in the amount of $11,584.19". At the hearing on this motion, Mrs. DeSautel testified she moved to Spokane February 9, 1980, and enrolled that spring at Eastern Washington University. During the school year, she received $5,131 in grants and work/study. After school expenses were met, approximately $4,000 remained for her family of three. Besides food stamps and the grants, her only other income was the monthly $200 child support and $125 back support payments made by Mr. Chapman.

She used $5,000 of the property settlement to purchase a "mobile home" which cost $150 a month for mortgage and rental space. She testified the trailer, especially the heating system, needed substantial repair. Finally, her testimony showed the amount of income she received was not sufficient to pay her household expenses and feed, clothe and

---

[3]Mr. Chapman claims this delay occurred because counsel could not agree on how to compute interest on the unpaid child support payments.

care for her children. Basically, she contended the support would have been sufficient had she remained on the Colville Indian Reservation where she and her family could hunt and grow their own food, but the support is insufficient when she lives in a city like Spokane with a higher cost of living.

Mr. Chapman remarried in 1972, adopted his wife's daughter, and they had a child in 1974. Mr. Chapman testified he had been earning approximately $11.35 per hour at the time of the last modification hearing. As of the day of this modification hearing, his pay was $13.375 per hour, with a 95 cent an hour raise due in 1982 and an 85 cent an hour raise due in 1983. He further testified he received $352 a month for his adopted daughter through social security from her deceased father.

Mr. Chapman's primary objections to increased support were: First, that while his hourly wage increased, his overall income had decreased since 1979. He lost over $3,000 in wages in 1981 due to illness and his wife quit working for health reasons. Second, he objected because Mrs. DeSautel had moved to Spokane approximately 9 months prior to entry of the last modification order and thus her condition had not changed.

The trial court found a substantial change of circumstances based on both Mr. Chapman's increase in pay and Mrs. DeSautel's move to Spokane, dissolution and enrollment in college. Mr. Chapman was ordered to pay $225 per child per month. The court also affirmed an arrearage of $11,110.01, after deducting past payments made by Mr. Chapman.

■ Maintenance or support orders may be modified only upon a showing of "substantial change of circumstances." RCW 26.09.170; *Wagner v. Wagner,* 95 Wn.2d 94, 621 P.2d 1279 (1980); *Hume v. Hume,* 74 Wn.2d 319, 444 P.2d 804 (1968); *Lambert v. Lambert,* 66 Wn.2d 503, 403 P.2d 664 (1965); *Smith v. Smith,* 13 Wn. App. 381, 534 P.2d 1033 (1975); *Collins v. Collins,* 12 Wn. App. 850, 532 P.2d 1185 (1975); *Ware v. Ware,* 9 Wn. App. 276, 512 P.2d

742 (1973). The change must be uncontemplated, *Wagner v. Wagner, supra; Ware v. Ware, supra,* and have occurred since the former decree, *Hume v. Hume, supra,* or "last preceding order fixing support money payments, . . ." *Corson v. Corson,* 46 Wn.2d 611, 614, 283 P.2d 673 (1955). The issue is could "the facts now relied upon as establishing a change in the circumstances have been presented to the court in the previous hearing?" *Lambert v. Lambert, supra* at 509. The answer to this question lies within the trial court's discretion. *Lambert v. Lambert, supra; Collins v. Collins, supra.* The circumstances of both parties must be explored for a proper exercise of discretion. *Corson v. Corson, supra.*

On these facts there was no abuse of discretion. Substantial evidence supports the pertinent finding that Mrs. DeSautel is now divorced, is enrolled as a full-time student, is unable to work on a full-time basis to provide support and is living on limited income. Based on this, the court's decision is reasonable. *State v. Huelett,* 92 Wn.2d 967, 603 P.2d 1258 (1979).

■ We do not believe the court abused its discretion in hearing evidence of change since the February 11, 1980, hearing. We note the judge of Ferry County was ill intermittently in 1980, which ultimately led to his retirement. This severely complicated scheduling judicial proceedings in Ferry County during 1980. Absent a showing of prejudice, we do not believe the court erred by hearing evidence of change of circumstances from February 11, 1980, rather than October 13, 1980.

■ Mr. Chapman next contends the Spokane County court was without authority to modify the $125 back support payment. We disagree. Once the amount of arrearages became established, the arrearages became a vested judgment which Mrs. DeSautel could collect by whatever means the statutes allow. *Schafer v. Schafer,* 95 Wn.2d 78, 621 P.2d 721 (1980); *Koon v. Koon,* 50 Wn.2d 577, 313 P.2d 369 (1957); *Ackerman v. Ackerman,* 32 Wn.2d 53, 200 P.2d 527 (1948); *Boudwin v. Boudwin,* 159 Wash. 262, 292 P. 1017

(1930); *Valley v. Selfridge,* 30 Wn. App. 908, 639 P.2d 225 (1982). A court may not modify or condition collection. *Lambert v. Lambert, supra; Corson v. Corson, supra; Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952); *Valley v. Selfridge, supra; Lizotte v. Lizotte,* 15 Wn. App. 622, 551 P.2d 137 (1976). The Ferry County order setting repayment at $125 per month was effective, if paid, to thwart a finding of contempt, but was not effective to deny Mrs. DeSautel's other lawful collection remedies. *Corson v. Corson, supra* at 613–14. We therefore hold the entire debt was immediately collectible by all statutory means.

We affirm the trial court in all respects.

ROE, C.J., and GREEN, J., concur.