[No. 6899–1–II. Division Two. February 14, 1985.]

*In the Matter of the Marriage of* JUDITH M. ZANDER, *Respondent, and* DENNIS ZANDER, *Appellant.*

*Grant L. Anderson,* for appellant.

*Bruce W. Cohoe,* for respondent.

PETRICH, J.—Dennis Zander appeals the trial court's order of modification extending child support obligations beyond the age of 18. The issue is whether preexisting facts known by the parties at the time of the dissolution proceedings but unknown to the court amount to a sufficient change of circumstances to justify a modification of child support. We answer in the negative and reverse.

Judith and Dennis Zander were married on April 19, 1962. Three children were born of the union: Carolyn, born October 31, 1962; Christine, born February 10, 1965; and Lisa, born September 20, 1968. By divorce decree dated March 9, 1979, the trial court awarded custody of the minor children to Judith and set child support as follows: "[A]fter the consummation of sale of the home Respondent '(Dennis)' shall commence making child support payments to Petitioner in the sum of $115.00 per month per child until said children respectively reach the age of eighteen years or become emancipated, whichever is sooner."

On August 24, 1982, Judith petitioned the court to modify the dissolution decree, praying for an increase in child support to $150 per month per child and for an extension of child support for Christine and Lisa beyond 18 years of age and while they attended high school. Prior to the divorce decree, both Christine and Lisa were held back 1 year in school by mutual agreement of the parties. It was anticipated that Christine would graduate from high school in June of 1984 when she then would be 19 years of age. Lisa will graduate in June 1988, at which time she also will

be 19 years of age. Both Christine and Lisa are dependent upon Judith for support.

The court below modified the divorce decree to reflect an increase in monthly child support to $150 per child and to extend support payments to high school graduation or emancipation, whichever was sooner. The trial court found persuasive the fact that although the parties knew that the minor children would not graduate from high school prior to the age of 18, and both parties were represented by counsel, the matter nevertheless was presented to the court on formal proof. The record is silent as to whether the court considered the children's ages when setting support. Dennis appeals only the extension of child support beyond age 18.

Modification of a decree for maintenance or support is governed by statute, RCW 26.09.170, which states in pertinent part:

> Modification of decree for maintenance or support, property disposition—Termination of maintenance obligation and child support—Grounds. Except as otherwise provided in subsection (7) of RCW 26.09.070, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances. . . .
>
> . . .
>
> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

In *Childers v. Childers*, 89 Wn.2d 592, 575 P.2d 201 (1978), the Supreme Court of Washington held that RCW 26.09 permitted the trial court to order support in the original decree beyond a child's minority. In *In re Marriage of Gimlett*, 95 Wn.2d 699, 629 P.2d 450 (1981), the court further stated that in compelling situations where postmajority support was not originally granted, courts may modify the decree upon a showing of a substantial change of conditions. Taken together, *Childers, Gimlett,* and RCW

26.09.170 mean that, prior to emancipation, the trial court may modify a decree to provide for a child's postmajority support upon a showing of substantial change of circumstances. *In re Marriage of Studebaker,* 36 Wn. App. 815, 817, 677 P.2d 789 (1984). *See also In re Marriage of Main,* 38 Wn. App. 351, 684 P.2d 1381 (1984) (postmajority support must be expressly provided for in the divorce decree).

The crucial question is whether a fact known by the parties, but not by the court entering the original decree, may later be asserted as a substantial change of condition. We hold it may not.

Judith cites *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980) and *McDaniel v. McDaniel,* 14 Wn. App. 194, 539 P.2d 699 (1975) in support of her argument that the best interest of the child is a matter of public interest which requires the court to look at all existing circumstances, including pre–decree facts not brought to the court's attention. The above cited cases, however, deal with child custody modification, governed by RCW 26.09.260(1). RCW 26.09.260(1) provides in pertinent part as follows:

> Child custody decree—Modification. (1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree *or that were unknown to the court at the time of the prior decree,* that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

(Italics ours.) RCW 26.09.170 lacks this emphasized language.

While both support modification and custody modification statutes evolve from similar res judicata principles at common law, maintenance or support orders may be modified only upon an *uncontemplated* change of circumstances occurring since the former decree. *Wagner v. Wagner,* 95 Wn.2d 94, 98, 621 P.2d 1279 (1980); *In re Marriage of Chapman,* 34 Wn. App. 216, 220, 660 P.2d 326 (1983). The determinative issue is: could "the facts now relied upon as

establishing a change in the circumstances have been presented to the court in the previous hearing?" *Lambert v. Lambert,* 66 Wn.2d 503, 509, 403 P.2d 664 (1965); *In re Marriage of Chapman,* 34 Wn. App. at 220. The answer to the posed question in the present case is yes. Since the parties contemplated that the two children would graduate from high school at least 1 year behind the normal progression, this known condition does not now constitute a substantial change to warrant modification.

There is yet another basis upon which a reversal is required. For all practical purposes, Judith's petition for modification is an attempt to obtain a decree nunc pro tunc. Only in certain exceptional situations may a decree of dissolution be entered nunc pro tunc. *In re Marriage of Pratt,* 99 Wn.2d 905, 909, 665 P.2d 400 (1983); *Barros v. Barros,* 26 Wn. App. 363, 365, 613 P.2d 547 (1980). The exceptions do not pertain here.

The order of modification increasing child support to $150 per month per child is not contested by the parties. It will stand. As to the extension of child support obligations beyond age 18 and while the children attend high school, the trial court is reversed. Per the original decree, child support will terminate at age 18 or emancipation, whichever is sooner.

Reversed.

WORSWICK, C.J., and REED, J., concur.