FILED

**MAR 19, 2013**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re: The Marriage of | ) | No. 30314-4-III |
| | ) | |
| KARALYN I. SPENCE, formerly | ) | |
| KARALYN I. RIGGS, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JACOB W. RIGGS, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Karalyn I. Spence (formerly Riggs) appeals the trial court's child support modification order requiring her to pay a $591 transfer payment to Jacob W. Riggs based on a standard calculation rather than adhering to a prior zero transfer payment deviation based upon an earlier agreement. She contends the trial court failed to find a sufficient substantial change of circumstances, failed to require updated child support worksheets, and improperly limited her oral argument. We affirm but remand for entry of updated child support worksheets.

FACTS

In the parties' December 1999 marriage dissolution, the trial court awarded Ms. Spence primary residential placement of their three minor children, B.R., A.R., and J.R., and ordered Mr. Riggs to pay child support. About a decade later, Ms. Spence successfully petitioned to increase Mr. Riggs's child support obligation. About a year later, B.R. turned 18 and finished high school without Ms. Spence applying for post-secondary education support from Mr. Riggs. In September 2010, the parties agreed Mr. Riggs would take custody of A.R. and J.R. because Ms. Spence and B.R. planned to move to Everett. Additionally, the parties agreed Ms. Spence would not make child support transfer payments to Mr. Riggs because they assumed she would incur offsetting expenses relating to B.R.'s housing and education, all the children's medical insurance premiums, and travel to visit the younger children. The trial court, without inquiry about the agreement's underlying assumptions, deviated from the $591 standard calculation and ordered a zero transfer payment.

In May 2011, Mr. Riggs petitioned to modify Ms. Spence's child support obligation, alleging several substantial changes in circumstances relating to the assumed terms of the agreement and arguing the trial court should order Ms. Spence to pay a $591 transfer payment, the standard calculation. Mr. Riggs included his 2010 federal income tax return and recent earning statement with his petition but did not file updated child support worksheets. Ms. Spence sought unsuccessfully to dismiss Mr. Riggs's petition,

2

arguing its allegations were false or irrelevant, it lacked updated child support worksheets, and it was frivolous or interposed for an improper purpose.

At the hearing, the trial court did not interrupt Mr. Riggs's counsel during his argument about the incorrect assumptions and misperceived circumstances underlying the agreement, but interrupted Ms. Spence's counsel numerous times, mostly asking clarifying questions and inviting argument about perceived flaws. Finally, when Ms. Spence began to argue Mr. Riggs's bad faith, the court terminated further argument, stating, "Wait, wait. I'm not going to go there, okay? . . . . I'm not going there. Here is my ruling." Report of Proceedings (RP) at 17.

The trial court modified its September 2010 child support order by eliminating the deviation and ordering Ms. Spence to pay a $591 transfer payment reflecting the standard calculation. The court found a substantial change of circumstances had "significantly eroded" the basis for its prior child support order. RP at 23. Specifically, the court found Ms. Spence's expenses were lower than expected because she no longer paid a home mortgage, she and B.R. lived with relatives, B.R. did not begin postsecondary education, and she seldom visited the younger children. Additionally, the trial court found conflicting evidence regarding the terms of the parties' prior agreement.

The trial court's findings of fact and conclusions of law, order modifying child support, and final child support order each incorporated the September 2010 child support worksheets that included a zero transfer payment deviation. The court did not

prepare or enter updated child support worksheets. Apparently, Mr. Riggs filed updated child support worksheets after the trial court granted his petition to modify. Ms. Spence appealed and Mr. Riggs did not respond.

## ANALYSIS

### A. Child Support Modification

The issue is whether the trial court erred in modifying Ms. Spence's child support obligation. She contends the trial court abused its discretion in finding a substantial change of circumstances, concluding the prior child support order's zero transfer payment deviation violated public policy, and instituting a $591 transfer payment reflecting the standard calculation.

We review an order modifying child support for a manifest abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997) ("A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard."). Substantial evidence must support the trial court's factual findings. *In re Parentage of Goude*, 152 Wn. App. 784, 790, 219 P.3d

4

717 (2009). "Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the declared premise." *In re Marriage of Hall*, 103 Wn.2d 236, 246, 692 P.2d 175 (1984).

Generally, a trial court may modify a child support order "only upon a showing of a substantial change of circumstances." RCW 26.09.170(1)(b). The change must have been uncontemplated by the parties at the time the trial court entered the prior child support order. *Lambert v. Lambert*, 66 Wn.2d 503, 508-09, 403 P.2d 664 (1965); *In re Marriage of Zander*, 39 Wn. App. 787, 790-91, 695 P.2d 1007 (1985). The inquiry depends on the children's needs and both parties' finances. *In re Marriage of Chapman*, 34 Wn. App. 216, 220, 660 P.2d 326 (1983); *In re Marriage of Cook*, 28 Wn. App. 518, 522, 624 P.2d 743 (1981). Particularly applicable here, "If the original court fails to independently review the adequacy of an agreed support order, a subsequent court may evaluate the order's reasonableness and modify it without a change of circumstances." 1 WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 28.7(4)(d)(ii), at 28-74 (2d ed. 2000 & Supp. 2006) (citing *Pippins v. Jankelson*, 110 Wn.2d 475, 480-81, 754 P.2d 105 (1988); *In re Marriage of Schumacher*, 100 Wn. App. 208, 213, 997 P.2d 399 (2000)). And, "Agreement of the parties is not by itself adequate reason for any deviations from the standard calculation." RCW 26.19.075(5).

Here, the trial court admitted it failed, in September 2010, to independently review the adequacy of the parties' agreed child support order, stating,

> [RCW 26.19.075(5)] says the agreement of the parties is not by itself adequate reason for any deviation from the standard calculation. And so when I go back to look at the order that I entered in September, 2010, and it was a stipulated order, and I will grant you, maybe it's my fault, maybe it's counsel's fault, but a judge doesn't always take the time to weigh the quality of the findings that are stipulated by the attorneys.

RP at 20. For this reason, the trial court evaluated the reasonableness of its prior child support order anew, determined the zero transfer payment deviation violated public policy, and modified the transfer payment to reflect the $591 standard calculation. Under these circumstances, the trial court had general equitable authority to modify its prior child support order without a change of circumstances. *See Pippins*, 110 Wn.2d at 478-81; *Schumacher*, 100 Wn. App. at 213. Thus, Ms. Spence's arguments on change of circumstances miss the mark, and we focus our analysis solely on whether the trial court abused its discretion in exercising its general equitable authority.

Ms. Spence does not argue the trial court erred in figuring the $591 standard calculation. Instead, she argues the trial court erred by concluding the zero transfer payment deviation violated public policy. Parents have legal obligations to adequately support their children. RCW 26.19.001; *Childers v. Childers*, 89 Wn.2d 592, 599, 575 P.2d 201 (1978). Further, these legal obligations "should be equitably apportioned between the parents." RCW 26.19.001. Thus, an agreement between parents that purportedly waives a prospective child support obligation is invalid as against public policy, and a trial court lacks authority to modify a child support obligation upon such an agreement. *In re Marriage of Pippins*, 46 Wn. App. 805, 808, 732 P.2d 1005 (1987).

6

But under proper circumstances, a trial court may grant a deviation from the standard child support calculation. RCW 26.19.075. Nonetheless, a deviation "remain[s] the exception to the rule and should be used only when it would be inequitable to do otherwise." *In re Marriage of Oakes*, 71 Wn. App. 646, 652 n.4, 861 P.2d 1065 (1993). Such a decision is within a trial court's sound discretion and "will seldom be changed on appeal." *Griffin*, 114 Wn.2d at 776.

Based on certain assumptions, the parties initially agreed Ms. Spence would fully support B.R. and pay all the children's health insurance premiums in lieu of a $591 standard calculation transfer payment. After Mr. Riggs filed the present petition to modify Ms. Spence's child support obligation, the trial court noted additional circumstances had "significantly eroded" the basis for its prior child support order. RP at 23. Specifically, the trial court found conflicting evidence regarding the terms of the parties' prior agreement. Further, the trial court found Ms. Spence's expenses were lower than expected because she no longer paid a home mortgage, she and B.R. lived with relatives, B.R. did not begin postsecondary education, and she seldom visited A.R. and J.R. Substantial evidence supports these findings because Mr. Riggs's declaration, among other items, presented a sufficient quantum of evidence to persuade a fair-minded, rational person these findings are true. These findings support the trial court's conclusion that public policy requires parents to adequately support their children and equity favored a $591 standard calculation transfer payment.

7

In sum, the trial court did not abuse its discretion by concluding the prior child support order's zero transfer payment deviation was inconsistent with public policy. We hold the trial court did not abuse its discretion by instituting a $591 transfer payment reflecting the standard calculation. The trial court did not err in modifying Ms. Spence's child support obligation.

## B. Worksheets

Ms. Spence contends the trial court erred either by considering Mr. Riggs's petition to modify despite his failure to timely file updated worksheets, or by granting his petition without preparing and entering such worksheets itself.

The abuse of discretion review standard applies. A party seeking to modify a child support obligation must file supporting worksheets along with the petition. RCW 26.09.175(1). This step is mandatory: "Worksheets in the form developed by the administrative office of the courts shall be completed under penalty of perjury and filed in every proceeding in which child support is determined." RCW 26.19.035(3); *see In re Marriage of Wilson*, 165 Wn. App. 333, 341, 267 P.3d 485 (2011). Further, the trial court must review these worksheets, complete them, and include them with the order modifying child support. RCW 26.19.035(4); *In re Marriage of Sacco*, 114 Wn.2d 1, 3-4, 784 P.2d 1266 (1990). This rule provides no exceptions. *In re Marriage of Sievers*, 78 Wn. App. 287, 305, 897 P.2d 388 (1995).

8

First, Ms. Spence argues the trial court was required to deny Mr. Riggs's petition to modify because he never filed updated child support worksheets, as RCW 26.19.035(3) required. However, in *In re Marriage of Pollard*, 99 Wn. App. 48, 56, 991 P.2d 1201 (2000), this division stated in dicta, "Complete and accurate worksheets must be filed eventually, but even in those cases where a parent utterly fails to file a worksheet, the court may consider the petition to modify and rather than reject it, may simply find that modification is not supportable." (Citation omitted) (citing RCW 26.19.035(3)); *In re Marriage of Blickenstaff*, 71 Wn. App. 489, 500-01, 859 P.2d 646 (1993)). The court retained flexibility to address Mr. Riggs's petition under the circumstances. Because Mr. Riggs included his 2010 federal income tax return and recent earning statement with his petition, the court had a sufficient factual basis to consider it. Further, despite Ms. Spence's contrary assertion, the record shows Mr. Riggs may have filed updated child support worksheets, albeit after the court granted his petition to modify. Given these facts, we cannot say the trial court abused its discretion by considering Mr. Riggs's petition despite his failure to timely file updated child support worksheets.

Second, Ms. Spence notes the trial court relied solely on outdated child support worksheets, contrary to RCW 26.19.035(4). Indeed, the court's present findings of fact and conclusions of law, order modifying child support, and final child support order each incorporated its September 2010 child support worksheets without updates. And, these worksheets were outdated because they expressed a zero transfer payment deviation,

9

which the court modified to reflect the $591 standard calculation. The court did not prepare or enter updated child support worksheets, as RCW 26.19.035(4) required. While the court erred, reversal is not automatic. 20 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 37.6, at 427 (1997 & Supp. 2011) (citing *Sievers*, 78 Wn. App. at 306). In *Sievers*, 78 Wn. App. at 306, this court held, "Because the record and the trial court's findings support the child support award, we decline to vacate the award. But we have no choice but to remand for preparation and entry of the child support worksheets which the statute requires be entered at the time of every support decree." We are persuaded by *Sievers*'s reasoning and hold the trial court did not err by considering Mr. Riggs's petition to modify despite his failure to timely file updated child support worksheets, but erred by granting his petition without preparing and entering such worksheets itself.

## C. Argument Limitations

The issue is whether the trial court violated Ms. Spence's due process right by either limiting oral argument on whether Mr. Riggs filed his petition to modify in bad faith or failing to grant equal time for oral argument.

We review alleged due process violations de novo. *Post v. City of Tacoma*, 167 Wn.2d 300, 308, 217 P.3d 1179 (2009). The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

This requires "a meaningful opportunity to be heard" prior to deprivation. *Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971). The quality of the opportunity depends on "'the nature of the case'" and "'the limits of practicability.'" *Id.* at 378-79 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 318, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). However, no categorical due process right to oral argument exists, *FCC v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 276-77, 69 S. Ct. 1097, 93 L. Ed. 1353 (1949), even in domestic relations cases, *In re Dependency of R.L.*, 123 Wn. App. 215, 222, 98 P.3d 75 (2004).

First, Ms. Spence complains the trial court refused to hear oral argument on whether Mr. Riggs filed his petition to modify in bad faith. But, the trial court gave each party the opportunity to present written evidence and argument on this issue, including on motion for reconsideration. Ms. Spence fails to show how these circumstances denied her a meaningful opportunity to be heard.

Second, Ms. Spence argues the trial court denied her equal time for oral argument by repeatedly interrupting her and eventually terminating further argument. While the record contains no time measurements, our review shows Ms. Spence spoke the most words during oral argument. Consequently, Ms. Spence fails to show how these circumstances denied her a meaningful opportunity to be heard.

In sum, we conclude from our review of the record that the trial court did not violate Ms. Spence's due process right.

## D. Attorney Fees and Costs on Appeal

Ms. Spence requests an award of attorney fees and costs incurred on appeal under RAP 18.1(a), which authorizes such an award if provided by other applicable law. Ms. Spence cites RCW 26.09.140 and CR 11 as legal authority supporting an award.

Under RCW 26.09.140, we may, in our discretion, award either party attorney fees or costs incurred on appeal from a dissolution proceeding. "In exercising our discretion, we consider the arguable merit of the issues on appeal and the parties' financial resources." *In re Marriage of C.M.C.*, 87 Wn. App. 84, 89, 940 P.2d 669 (1997), *aff'd*, 136 Wn.2d 800 (1998). Because we have no financial affidavit as required under RAP 18.1(c), and because Ms. Spence has not prevailed on appeal, we deny her request for an award under RCW 26.09.140. *See In re Marriage of Holmes*, 128 Wn. App. 727, 742, 117 P.3d 370 (2005).

Under CR 11, a trial court may sanction a party or representative for filing a pleading, motion, or memorandum that is frivolous or interposed for an improper purpose. However, "CR 11 sanctions are not appropriate where other court rules more properly apply." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 223, 829 P.2d 1099 (1992). Here, RAP 18.9 applies, not CR 11. Because Ms. Spence does not argue Mr. Riggs acted in bad faith on appeal, we deny her request for an award under CR 11. *See* RAP 18.1(b); RAP 18.9(a).

No. 30314-4-III
*In re Marriage of Riggs*

Affirmed. Remanded for preparation and entry of updated child support worksheets.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Kulik, J.