[No. 1623-1.    Division One—Panel 1.    July 9, 1973.]

RAYMOND L. WARE, *Appellant,* v. BEVERLEY J. WARE, *Respondent.*

*Jonson & Jonson* and *Thomas A. Clark,* for appellant.

*Philip R. Meade,* for respondent.

JAMES, J.—By the terms of a decree of divorce entered on August 18, 1970, plaintiff Raymond L. Ware was required to contribute $125 per month toward the support of each of two minor children whose custody was awarded to the defendant, Beverley J. Ware. Payment for each child was to terminate at the age of majority or earlier emancipation. By order of October 15, 1971, it was decreed that payment for the child, Alan, born February 10, 1953, should terminate on August 9, 1971, "the effective date of Chapter 292, Laws of 1971, First Executive [*sic*] Session," (RCW

26.28.010) which reduced the age of majority from 21 years to 18 years.

This is an appeal from an order of April 7, 1972, granting Beverley Ware's petition to modify the divorce decree by increasing the support payment for the minor daughter, Sheryl, from $125 to $250. The trial judge concluded that a substantial change in circumstances since the entry of the divorce decree justified Beverley Ware's prayer for modification. The formal findings of fact in support of his conclusion were: (1) that one child was emancipated; (2) that Raymond Ware's monthly gross income had decreased by the sum of $168.80 to a net monthly income of $948.82; (3) that Beverley Ware's net monthly income was $343.47 (a slight increase); and (4) that Raymond Ware had remarried "and is presently living with his new wife." In a supplemental finding ordered by this court the trial judge found that Raymond Ware's remarriage was not a circumstance which was "considered by the Trial Court in concluding that a substantial change in circumstances exists justifying the increase of child support."

■ As provided by RCW 26.08.110, provisions of a divorce decree for support of minor children may be modified "as circumstances may require," but it is well settled that "only upon a showing of a substantial and material change in the condition and circumstances of the parties, occurring since the entry of the decree, . . ." can a modification be justified. *Lambert v. Lambert,* 66 Wn.2d 503, 508, 403 P.2d 664 (1965).

■ If the change in circumstances necessarily concerns a matter clearly within the contemplation of the trial judge who entered the divorce decree, it will not support a plea for modification.

■ Here the financial condition of Raymond Ware worsened and that of Beverley Ware improved. It follows that the only change in circumstances upon which Beverley Ware could rely was that one child had reached the age of majority. But such inevitable change was necessarily

within the contemplation of the judge who entered the divorce decree.

In answering the question of whether the party petitioning for modification has met the burden of demonstrating a change in circumstances, occurring subsequent to the entry of the decree or order sought to be modified, the basic test, absent the most exceptional circumstances, is: Could and should the facts now relied upon as establishing a change in the circumstances have been presented to the court in the previous hearing?

*Lambert v. Lambert, supra* at 509.

It follows that the entry of the order of modification in this case was, in effect, an expression of disagreement with the judge who entered the divorce decree.[1] The findings of fact do not support the conclusion that there was a substantial and material change in circumstances which justified doubling the amount to be paid for the support of the remaining minor child.

Reversed and remanded for the purpose of reinstating the provisions of the original decree.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied August 29, 1973.

---

[1] Raymond Ware's brief on appeal alludes to a property settlement agreement, but we are not informed as to whether the child support provisions of the decree of divorce were a matter of agreement or were fixed by the trial judge. But in all cases involving more than one minor child, the possible need for an increased per capita allowance as older children are emancipated should be anticipated and, where appropriate, be provided for in the divorce decree.