[No. 8403-5-III. Division Three. December 10, 1987.]

*In the Matter of the Marriage of* RONALD J. MOORE,
*Appellant, and* CHARLOTTE S. MOORE,
*Respondent.*

*Dale L. Russell,* for appellant.

*Chancey C. Crowell* and *Whitmore, Phelps, Warren, Bromiley & Crowell,* for respondent.

GREEN, J.—Ronald J. Moore appeals an order modifying the child support provision of a dissolution decree so as to continue the support obligation past his child's 18th birthday and until graduation from high school. We affirm.

On November 3, 1971, the marriage of Ronald J. Moore and Charlotte S. Moore was dissolved by a decree of

divorce. The decree awarded custody of the one child of the marriage, Shawn, born January 5, 1969, to the mother, and the father was ordered to pay "the sum of $125.00 per month, for the support of the minor child commencing October 15, 1971. After one year from September 15, 1971, the [father] shall pay to [the mother] the sum of $150.00 per month for the support of the minor child." The decree did not specify the date when the child support obligation would terminate. On October 1, 1984 a stipulated order modifying the decree was entered which provided the child support obligation be increased to $250 per month and continue until Shawn "reaches the age of eighteen (18) years or is sooner emancipated or self supporting."

On June 18, 1986, the mother filed a second petition for modification requesting the support obligation be extended beyond the child's 18th birthday, January 5, 1987, through his graduation from high school. This petition was necessary because the child had to repeat the fifth grade. The trial court commissioner granted this petition. The father's motion to revise the ruling was denied and he appeals.

Mr. Moore contends the obligation to pay child support should terminate on the child's 18th birthday, the date of legal emancipation. He further contends there has not been a substantial change in circumstances since the October 1984 modification order and therefore petitioner's second request should be denied. We disagree.

Former RCW 26.09.170, in effect at the time the mother's petition for modification was filed, provides in part:

[T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances. . . .

. . .

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.

Emancipation, as used in the statute, occurs either by operation of law when the child reaches the age of majority

or due to factual circumstances such as marriage, military service, incarceration or economic sufficiency which occur prior to the child reaching the age of majority. *In re Marriage of Gimlett,* 95 Wn.2d 699, 702, 629 P.2d 450 (1981). Under RCW 26.28.010, the age of majority for emancipation purposes is 18. *See Gimlett,* at 702. Postmajority support may be granted in the original decree if justified by the circumstances, *Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978), but courts may, in compelling situations where postmajority support was not originally granted, modify a decree to provide for postmajority support upon a showing of a substantial change of conditions. *Gimlett,* at 704; *In re Marriage of Studebaker,* 36 Wn. App. 815, 817, 677 P.2d 789 (1984).

 The "change" relied upon must be uncontemplated and have occurred since the former decree or the last order fixing support money payments. *In re Marriage of Zander,* 39 Wn. App. 787, 790, 695 P.2d 1007 (1985); *In re Marriage of Chapman,* 34 Wn. App. 216, 220, 660 P.2d 326 (1983). In a modification proceeding, the question is: Could "the facts now relied upon as establishing a change in the circumstances have been presented to the court in the previous hearing?" *Lambert v. Lambert,* 66 Wn.2d 503, 509, 403 P.2d 664 (1965); *Zander,* at 790–91; *Chapman,* at 220. The answer to that question is discretionary with the court and necessitates the exploration of the circumstances of the parties to properly exercise such discretion. *Chapman,* at 220. In *Zander,* at 790, the court held that a fact known by the parties, but not by the court entering the original decree following a hearing, may not be later asserted as a substantial change of conditions. *Zander* is distinguishable because the modification here did not occur following a hearing, but was entered on stipulation of the parties. The foregoing summarizes the general rules extant under the former RCW 26.09.170 which are applicable to this proceeding.

Here, Shawn was approximately 3 years old at the time the original decree was entered in 1971. At that time under

RCW 26.28.010, Laws of 1923, ch. 72, § 2, and Laws of 1970, 1st Ex. Sess., ch. 17, § 1, the age of majority was 21 years. *See Wimmer v. Wimmer,* 44 Wn. App. 842, 846, 723 P.2d 531, *review denied,* 107 Wn.2d 1016 (1986). When the original decree was entered, neither party nor the court was aware Shawn would be required to repeat the fifth grade and thus be over 18 years old when he graduated from high school. There was no hearing at the time the 1984 stipulated order was entered, increasing child support and providing for termination upon reaching age 18 or if sooner emancipated or self–supporting. Agreements which purport to terminate future child support are invalid, contravene public policy and have no effect on a subsequent request for child support. *In re Marriage of Pippins,* 46 Wn. App. 805, 808, 732 P.2d 1005 (1987); *In re Marriage of Watkins,* 42 Wn. App. 371, 710 P.2d 819 (1985), *review denied,* 105 Wn.2d 1010 (1986). Thus, we hold the 1984 modification to the extent it failed to provide support through graduation is invalid. It is evident there has been a substantial change in circumstances since the original decree was entered. The necessity for Shawn to repeat one grade was a substantial change justifying support payments through graduation. Since there is nothing in the record to the contrary, this fact was evidently overlooked at the time of the stipulated modification and not brought to the court's attention. The mutual oversight should not be visited on the minor child, Shawn, but should be corrected by modification. *See Childers,* at 601 n.3.

This holding is consistent with the recent amendment to RCW 26.09.170, Laws of 1987, ch. 430, § 1, effective July 26, 1987, which no longer requires a showing of a substantial change of circumstances in order to modify a decree of dissolution and order of child support, and specifically allows modification under the facts presented here, *i.e.,* an extension of child support to a child who turns 18 before he graduates from high school.

Charlotte S. Moore is awarded reasonable attorney fees on appeal and this matter is remanded for determination of

the amount of those fees.

Affirmed and remanded for determination of attorney fees on appeal.

McINTURFF, C.J., and THOMPSON, J., concur.

Reconsideration denied January 13, 1988.