# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 75466-1-I |
| | ) | |
| DANA LYNN GORDON, | ) | DIVISION ONE |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROBERT EARL GORDON, | ) | UNPUBLISHED |
| | ) | |
| Respondent. | ) | FILED: November 13, 2017 |
| | ) | |

2017 NOV 13 AM 9: 55

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

COX, J. – Dana Gordon appeals from the trial court's order denying in part her petition to modify several provisions of a child support order. But the record fails to support Gordon's claim that the trial court based its child support calculation on erroneous or incomplete financial information. Nor has Gordon demonstrated that substantially changed circumstances warranted modification of the parties' prior agreement for funding postsecondary educational expenses and other miscellaneous expenses. We affirm.

Appellant Dana Gordon and respondent Robert Gordon were married in 1997 and dissolved their marriage in 2012. At the time of the dissolution, the couple's three children were 15, 13, and 11. Under the terms of an agreed property settlement, Dana[1] received assets worth more than $4 million, including two houses and a brokerage account worth about $700,000.

---

[1] To avoid confusion, we refer to the parties by their first names.

The parties also entered into an agreed final child support order. Among other things, the order specified that the parents had funded separate accounts to pay college expenses for each of the three children. If the accounts became insufficient, the parties agreed that Robert would pay 54 percent and Dana 46 percent of any additional postsecondary educational expenses, up to the yearly cost "at a state-supported institution in the State of Washington." The parties had also funded trust accounts for all three children to cover car expenses when they became old enough to drive. The parties' oldest son began attending Gonzaga University in 2015.

On February 26, 2016, Dana petitioned for modification of the agreed 2012 child support order, asking the court to modify Robert's child support obligation and to modify the postsecondary education provision.

Following a hearing on June 24, 2016, at which both parties were represented by counsel, the trial court entered a final order of child support. The court set Robert's gross monthly income at $21,250, approximately the same amount that he was earning in 2012. The court set Dana's gross monthly income at $8,186, a decrease over 2012 as a result of a decrease in her monthly maintenance.

The court modified the monthly child support obligations based in part on the decrease in Dana's monthly income, and set Robert's transfer payment at $1,373.16 per month, the standard calculation, for the two children who had not yet turned 18. The court declined to modify the parties' postsecondary education agreement, finding "no substantial change of circumstances." But the court

-2-

clarified the provision to specify that the cap on college expenses for a state institution would be the costs of attending the University of Washington. The court also found that both parties had "substantial financial resources" to pay any college expenses not covered by the college accounts.

On appeal, Dana contends the trial court erred by relying on inaccurate income calculations and by refusing to modify the parties' 2012 postsecondary education agreement.

At the outset, we note that most of the factual allegations and legal arguments in Dana's appellate brief are unsupported by any meaningful reference to the record or relevant authority, in violation of the Rules of Appellate Procedure (RAP). Dana's Statement of the Case and other supporting factual allegations consist primarily of conclusory recitations of her own thoughts and intentions, argumentative allegations of Robert's wrongdoing, and inadmissible hearsay.

For example, RAP 10.3(a)(5) requires that the statement of the case be "[a] fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement."[2] Legal argument in the brief must include "citations to legal authority and references to relevant parts of the record."[3]

Dana's violations of the appellate rules are not mere technicalities. An appellate court will not search through the record for evidence relevant to a

---

[2] RAP 10.3(a)(5) (emphasis added).
[3] RAP 10.3(a)(6).

litigant's arguments.[4] Moreover, this court may decline to consider issues unsupported by legal argument and citation to relevant authority.[5] Although we recognize that Dana is pro se on appeal, we hold self-represented litigants to the same standard as an attorney.[6]

*Standard of Review*

The trial court has authority to modify a child support order under various conditions, including a substantial change of circumstances, the passage of more than one year, and a showing that the original support order "in practice works a severe economic hardship on either party or the child."[7] We review the trial court's decision on a petition for child support modification for an abuse of discretion.[8] Consequently, to prevail on appeal, Dana must demonstrate that the trial court's decision was manifestly unreasonable or was based on untenable grounds or untenable reasons.[9] We will not disturb findings of fact supported by substantial evidence.[10]

Generally, we do not consider issues raised for the first time on appeal unless the claimed error is a manifest error affecting a constitutional right.[11]

---

[4] See Mills v. Park, 67 Wn.2d 717, 721, 409 P.2d 646 (1966).
[5] See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).
[6] See In re Pers. Restraint of Rhem, 188 Wn.2d 321, 328, 394 P.3d 367 (2017).
[7] RCW 26.09.170(1), (5), (6)(a).
[8] In re Marriage of Griffin, 114 Wn.2d 772, 776, 791 P.2d 519 (1990).
[9] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).
[10] In re Marriage of Lutz, 74 Wn. App. 356, 370, 873 P.2d 566 (1994).
[11] Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 427, 333 P.3d 534 (2014); RAP 2.5(a)(3).

*Incomplete Evidence*

Dana contends the trial court erred in conducting the modification hearing without having all of the evidence before it. She contends the court failed to consider 14 exhibits that were "missing" from the court's copy of Robert's trial notebook. She claims the "missing" exhibits caused the court to underestimate Robert's income. This contention is frivolous.

The verbatim report shows that at the beginning of the hearing, the trial court informed counsel that it was missing 14 exhibits from its copy of the trial notebook. Robert's counsel explained that he had intended to use the exhibits during the hearing. Rather than continuing the hearing, the parties and court agreed that counsel could simply hand up counsel's copies of the exhibits as necessary during argument. The hearing then proceeded. Dana fails to demonstrate that any exhibits were "missing," that she was unable to present all of her evidence to the court, or that the court failed to consider all available evidence.

*Parents' Income*

Dana argues that the trial court erred in overestimating her income and underestimating Robert's income. These claims are meritless.

Dana asserts that her gross income should be calculated at either $3,750 per month, or $5,050 per month. She provides no meaningful citation to the record to support these calculations. At the modification hearing, Dana's counsel asserted that her monthly gross income "should be roughly [$6,508]."

Moreover, in support of her modification petition, Dana submitted a financial declaration calculating her monthly gross income to be $10,197. She now alleges that she was somehow misled by her counsel and that she "did not know she could amend or update her financial declaration." These allegations are not part of the record and therefore do not demonstrate any error in the trial court's calculation of the parties' income.[12]

The trial court calculated Dana's gross monthly income as $8,186, based on her $5,000 monthly maintenance and the monthly income of $1,666 from her Palm Springs rental home and $1,520 in dividends that Dana reported in her financial declaration. The court declined to impute additional income to Dana. Substantial evidence supports the court's calculation.

Dana also acknowledges that the trial court accepted her calculation of Robert's gross monthly income as $21,250. On appeal, she does not allege, much less demonstrate, that the evidence before the trial court failed to support this calculation.

Rather, Dana now alleges, among other things, that Robert concealed vast amounts of income from the court. Nothing in the record supports her claims.

Dana also contends that the trial court should have (1) imputed monthly income to Robert in excess of $21,250 "based on his extravagant and selfish lifestyle"; (2) found Robert voluntarily underemployed; (3) deviated upward from

---

[12] See State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995) (appellate court will not consider matters outside the record).

the standard child support calculation; and (4) found all three children dependent and ordered Robert to pay an addition $2,000 monthly in child support until the children turn 23. Because all of these issues are raised for the first time on appeal, we decline to address them.

### Postsecondary Educational Expenses

Dana contends that the trial court erred in denying her petition to modify the parties' agreement on funding postsecondary educational expenses. She contends the college accounts created at the time of the dissolution are insufficient to fund the costs of in-state private colleges or out-of-state colleges. She claims the court should have eliminated the cap on college expenses in the parties' agreement and ordered Robert "to fully fund college for all the boys."

The trial court has broad discretion to order support for postsecondary education.[13] When exercising its discretion to award postsecondary educational support, the trial court considers a variety of factors, including:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.[14]

On appeal, Dana argues that the trial court failed to consider these factors, and provides a lengthy account of the children's activities and academic skills, the parents' education opportunities, and the parents' pre-dissolution

---

[13] In re Marriage of Sprute, 186 Wn. App. 342, 354, 344 P.3d 730 (2015).
[14] RCW 26.19.090(2); Marriage of Sprute, 186 Wn. App. at 354-55.

intentions for their children's education. But Dana does not identify any evidence in the record that supports these allegations or indicates how she presented this issue to the trial court.

Dana also alleges that if she pays the remaining college expenses of the oldest son "by herself, it will affect her ability to take care"[15] of the remaining two children. Once again, Dana identifies no support in the record for this claim. The trial court's finding that "both parties have substantial financial resources" to pay college expenses not covered by the existing accounts is essentially unchallenged on appeal.

Moreover, Dana's arguments ignore the fact that the trial court here was not asked to consider an initial award of postsecondary support. Rather, Dana petitioned the court to modify an already existing agreement on postsecondary education expenses.

During its oral decision, the court observed that "[t]he mother has not argued to this Court what change in circumstances has occurred that I should be modifying this provision."[16] On appeal, Dana has not presented any coherent argument challenging the court's observation.[17] The trial court did not err or abuse its discretion in denying the petition to modify the parties' 2012 agreement on postsecondary education expenses.

---

[15] See Marriage of Sprute, 186 Wn. App. at 355 (trial court abuses its discretion if it awards postsecondary support that would force a parent into bankruptcy or prevent a parent from meeting obligation to minor child).

[16] Report of Proceedings (June 24, 2016) at 29.

[17] See In re Marriage of Moore, 49 Wn. App. 863, 865, 746 P.2d 844 (1987) (A substantial change of circumstances must be something that was not contemplated at the time that the last child support order was entered.).

*Extracurricular Expenses*

Dana contends that there are extracurricular expenses "that need to be divided between the parents according to proportionate income" and that there needs to be "an allowance [for the children] for cars, computer, insurance, car maintenance etc. and spending money." Dana's conclusory allegations fail to identify the precise nature of the alleged error.

Dana's arguments appear to be directed primarily to a dispute over the funding of the children's cars. In her petition for modification, Dana asked the court to order Robert to pay a proportionate share of the "cost of a reasonable car" for each of the three children. Dana proposed that the reasonable cost of a car would be $25,000 to $35,000.

The trial court denied the request, noting the parties' existing 2012 agreement that car-related expenses, including "vehicle acquisition costs" and maintenance, would be paid from each child's trust fund. On appeal, Dana acknowledges that she purchased cars for each of the three children at a total cost of about $75,000, without using funds from any of the trust accounts. Under the circumstances, Dana has failed to demonstrate any error in the trial court's refusal to modify the parties' agreement regarding vehicle purchase and maintenance.

We affirm the order denying in part the petition to modify the child support order.

_____ Cox, J.

WE CONCUR:

_____        _____