IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 34325-1-III |
| | ) | |
| JONATHAN STEINBACH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| JANE STEINBACH, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Jonathan Steinbach appeals an order denying revision of a

commissioner's ruling. That ruling denied Mr. Steinbach's petition to modify child

support and imposed CR 11 sanctions. We affirm.

FACTS

The Steinbachs divorced in 2012. Under their original decree of dissolution, the

couple's children were placed in Ms. Steinbach's primary custody. For child support

purposes, Ms. Steinbach was designated the obligee and Mr. Steinbach was designated

No. 34325-1-III
*In re Marriage of Steinbach*

the obligor. At the time of dissolution, Mr. Steinbach's monthly income was calculated as $14,398.73. Ms. Steinbach's monthly income was calculated as $2,714.00, based on imputed wages at $22.00 per hour. As the obligor parent, Mr. Steinbach was required to pay $3,195.00 in monthly child support.

In November 2014, Jonathan Steinbach filed a pro se motion to modify his child support obligation. Mr. Steinbach claimed a substantial change of circumstances because his monthly income had been reduced to $2,107.00. Mr. Steinbach requested a reduction in his child support obligation, an increase in Ms. Steinbach's obligations (based on a greater imputed wage calculation of $35.62 per hour) and a reversal of the obligor/obligee designations. In support of his petition, Mr. Steinbach submitted his paystubs for July through November 2014. He later included additional paystubs for the month of December 2014. Mr. Steinbach also later claimed a further decrease in income to $1,838.67 per month.

A superior court commissioner granted Mr. Steinbach's petition in part. The court reduced Mr. Steinbach's obligation based on his gross monthly income of $2,107.00. However, the commissioner declined to change the obligor/obligee designation or impute a higher wage to Ms. Steinbach. Pursuant to the court's subsequently issued written order, Mr. Steinbach was required to pay $576.94 in monthly child support until his oldest

2

child aged out, at which point the monthly payment would be reduced to $491.44.

Mr. Steinbach filed two motions for reconsideration of the commissioner's order. In these motions, Mr. Steinbach raised new issues regarding health care payments and a request for a deviation based on extraordinary debt.

The motions for reconsideration were addressed indirectly in the commissioner's written order. The commissioner ruled that a deviation had not been requested and that Mr. Steinbach was to provide health care coverage. The commissioner's written order was dated April 6, 2015.

After receiving the commissioner's written order, Mr. Steinbach filed another motion for reconsideration that was subsequently converted to a motion for revision.[1] In his revision request, Mr. Steinbach asked for a downward deviation in his support obligation, restoration of tax exemption allocations that were originally set forth in 2012, and for overpayment of previous child support to be paid to him in one lump sum. Mr. Steinbach did not seek revision of the commissioner's refusal to impute Ms. Steinbach's income at a higher rate or to change the obligor/obligee designations.

On April 30, 2015, a superior court judge heard argument on the motions for revision. An initial written order was filed in May and a final amended order (that

---

[1] Ms. Steinbach also filed for revision on issues unrelated to this appeal.

3

addressed a typographical error) was entered in August 2015. The order on revision

denied Mr. Steinbach's request for a downward deviation, set a deadline for Ms.

Steinbach to repay Mr. Steinbach's overpayments, and granted Mr. Steinbach's requests

regarding tax allocations.

In September 2015 Mr. Steinbach filed a petition to modify the August 2015 child

support order. Mr. Steinbach claimed another substantial change in circumstances due to

decreased income. As he had the year before, Mr. Steinbach asked the court to reverse

the parties' obligor/obligee designations and impute Ms. Steinbach's income at a higher

rate. Mr. Steinbach also asked for repayment or credit of overpaid child support. In

support of his modification request, Mr. Steinbach filed 2014 tax documents and paystubs

from November 2014 through May 15, 2015.[2]

Ms. Steinbach contested the modification petition and ultimately filed a motion to

dismiss it. She argued there was no substantial change of circumstances. Ms. Steinbach

---

[2] Ms. Steinbach notes that in Mr. Steinbach's November 2014 petition to modify child support, he reported to have four jobs, which would logically require four reported income sources. Br. of Resp't at 16; Clerk's Papers at 2-3. However, two of those four jobs were with different divisions of the Washington Army National Guard and thus his paychecks from those two jobs come in together from the Defense Finance and Accounting Service. Appellant's Reply Br. at 11-12. Mr. Steinbach states that the other two jobs, or businesses he started, did not make money and that is why he did not have any earnings listed for them. *Id.* at 12.

also asked for attorney fees and CR 11 sanctions based on Mr. Steinbach's intransigence in repeatedly raising the same issues before the court.

A new court commissioner addressed the matters related to Mr. Steinbach's 2015 petition. The commissioner denied the petition to modify and imposed $1,000 in CR 11 sanctions.

Mr. Steinbach filed two motions to revise the commissioner's ruling. Both were denied. In her oral ruling, the superior court judge explained that the time period governing Mr. Steinbach's claim of substantial change in circumstances was from April 2015 to the date of the modification petition. Because Mr. Steinbach only provided income information through mid-May 2015, he failed to justify a substantial change in circumstances during this period. The judge also declined to readdress Mr. Steinbach's arguments regarding the obligor/obligee designations and Ms. Steinbach's rate of imputed income, as those matters had already been decided.

In addition to denying revision, the court imposed another $500 in CR 11 sanctions. The judge explained that sanctions had been imposed because Mr. Steinbach was repeatedly relitigating issues that had already been ruled on and were res judicata.

Mr. Steinbach appeals.

5

No. 34325-1-III
*In re Marriage of Steinbach*

## ANALYSIS

*Modification of child support*

Mr. Steinbach contends the superior court abused its discretion in denying his motion to revise the commissioner's order because there was a substantial change in circumstances evidenced by the paystubs and financial declarations he submitted.

To obtain modification, Mr. Steinbach was obliged to show a substantial change in circumstances from the time of the court's last support order. *See In re Marriage of Leslie*, 90 Wn. App. 796, 802, 954 P.2d 330 (1998). If the facts submitted for modification could have been presented in the context of a previous modification request, they are not new and cannot justify a substantial change in circumstances. *In re Marriage of Moore*, 49 Wn. App. 863, 865, 746 P.2d 844 (1987).

Mr. Steinbach's original modification petition was not decided by the court commissioner until April 6, 2015. Up until that date, Mr. Steinbach was able to (and did) submit updated factual information supporting his request. It was only once the parties filed for revision that the record was set. *See* RCW 2.24.050.

Because most of the financial information submitted in support of Mr. Steinbach's September 2015 petition predated the April 6, 2015, modification order, Mr. Steinbach failed to satisfy his burden of establishing a basis for modification. If Mr. Steinbach

6

believed the April 2015 order was improper because it did not account for his declining income, he should have taken this up through a motion for reconsideration or revision, or even an appeal to this court. The remedy was not a new modification petition. The trial court did not abuse its discretion in dismissing Mr. Steinbach's petition based on the failure to show a substantial change in circumstances.[3]

*CR 11 sanctions*

Mr. Steinbach contends the superior court judge erred in upholding the commissioner's order of sanctions and in ordering additional sanctions against him, for a total of $1,500, because the court did not consider the financial need of Ms. Steinbach or his ability to pay. Also, he claims the court erred in using res judicata as the basis for sanctions since this is a separate and new claim, in comparison to the November 2014 petition. Mr. Steinbach concedes sanctions can be awarded punitively on a finding of intransigence, but argues that is not supported by the record here.

In response to Mr. Steinbach's September 2015 petition to modify child support, Ms. Steinbach asked for fees based on intransigence and under RCW 26.09.140. Then, in

---

[3] Even if considered on the merits, the change of income recited by Mr. Steinbach would have only resulted in a $53 decrease in monthly child support. The trial court did not abuse its discretion in opining that this nominal difference did not constitute a substantial change in circumstances.

her motion to dismiss his petition, she asked for CR 11 sanctions. Both the superior court commissioner and judge ordered sanctions against Mr. Steinbach pursuant to CR 11.

The purpose of CR 11 is to prevent baseless filings, filings made for improper purposes, and abuses of the judicial system. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994); *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992). If a party engages in such conduct, the court can impose an appropriate sanction. CR 11(a). A baseless filing is one not supported by the facts or existing law. *Bryant*, 119 Wn.2d at 217. In awarding sanctions for a baseless filing, the court must assess "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified." *Id.* at 220. Since CR 11 sanctions have a potential chilling effect, a court should impose sanctions only when it is "patently clear that a claim has absolutely no chance of success." *Skimming v. Boxer*, 119 Wn. App. 748, 755, 82 P.3d 707 (2004). The reasonableness of CR 11 sanctions and an award of attorney fees is reviewed for an abuse of discretion. *Id.* at 754.

The superior court judge ordered sanctions against Mr. Steinbach, in addition to upholding the commissioner's order of sanctions, pursuant to CR 11. Therefore, Mr. Steinbach's argument that the court erred in not evaluating Ms. Steinbach's financial

need, and his ability to pay, is unpersuasive.[4] The judge found, as did the commissioner, that Mr. Steinbach already raised his arguments regarding the change of obligee/obligor designation and imputation of income for Ms. Steinbach at previous proceedings, which were both denied at each proceeding. A reasonable attorney in similar circumstances would likely realize that raising the same arguments and requests, previously denied in a preceding petition, would not be factually or legally justified based on the principle of res judicata.

Also, Mr. Steinbach filed his petition a little over a month after the previous child support order was amended and he did not supplement the record with current financial records or evidence. In regard to the relevant time frame, Mr. Steinbach only had paystubs for the months of April and May of 2015 when he needed to show a substantial change in his financial circumstances between April and September of 2015. Due to this lack of evidence, there was no way Mr. Steinbach could bear his burden of showing the necessary substantial change in circumstances to support his petition, thus his petition had no chance of success.

---

[4] Rather, the proper place for this argument would be in response to an imposition of attorney fees under RCW 26.09.140.

Therefore, the court did not abuse its discretion in assessing CR 11 sanctions and affirming the sanctions assessed by the commissioner because there was no chance of success for Mr. Steinbach's petition, and the arguments he made were precluded by res judicata.

## CONCLUSION

The order denying revision is affirmed. We grant Ms. Steinbach's request for an award of reasonable attorney fees and costs under RAP 18.1 and RCW 26.09.140.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                              Siddoway, J.