IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>MEIKA E. NOWAK F/K/A MAGEE,<br><br>                  Respondent,<br><br>and<br><br>JAMES H. MAGEE,<br><br>                  Appellant, | No. 82120-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — James MaGee appeals the denial of his petition to modify an order of child support for his children with Meika Nowak.[1] MaGee claims the trial court erred in finding that he did not show a substantial change in circumstances to warrant modification. He also contends the court erred by imposing attorney fees based on his intransigence. Finding no error, we affirm.

FACTS

MaGee and Nowak dissolved their marriage in December 2016. Since then, they have been embroiled in ongoing post-dissolution litigation. See In re Marriage of MaGee, No. 81282-3-I, slip op. at 1-3 (Wash. Ct. App. Aug. 1, 2022)

---

[1] Meika now uses the surname Nowak, so our opinion reflects her current name.

(unpublished) (MaGee I), https://www.courts.wa.gov/opinions/pdf/812823.pdf. Only the facts concerning child support are pertinent in this appeal.[2]

Initially, the Pierce County Superior Court entered final orders designating Nowak as the parent with whom the children reside the majority of the time and requiring MaGee to pay $3,151.37 in child support each month. Nowak and the children later relocated to King County, and the legal proceedings were transferred to King County Superior Court.

In March 2018 MaGee filed a motion to adjust and a petition to modify the original child support order. He claimed a catastrophic and unforeseen change of circumstances because his $20,815.00 monthly income as a consumer bankruptcy attorney in 2015 had decreased to $964.88 in 2017. Among other things, MaGee requested a reduction in his child support obligation and sought to limit daycare payments to $191.83 per month. By spring 2019, MaGee had relocated to Moses Lake and reported earning $3,686.74 in gross (and $2,252.00 in net) monthly income.

MaGee and Nowak completed a four-day trial in April 2019 to resolve his petition to modify child support and her petition to modify the parenting plan. MaGee represented himself at trial and argued that (1) he was a salaried attorney working for an ill partner, earning $44,240.00 annually, paid in 21 semi-monthly payments of $2,069.56; (2) Nowak was over withholding $800.00 of her income per month; (3) he should receive a $391.12 monthly credit for the costs of his

---

[2] Some of the facts we recite are contained in the record in MaGee I. We may take judicial notice of court records in the same case. ER 201(f); Spokane Research & Defense Fund v. City of Spokane, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005).

transportation to visit the children; and (4) daycare costs should be limited to $237.91 per month.

In May 2019 the trial court entered an amended parenting plan and MaGee moved for reconsideration of that parenting plan and for a new trial. Among other reasons, MaGee requested a new trial to address his income, transportation credit, and daycare cost claims. The trial court denied MaGee's motion.

Next, in July 2019, MaGee filed a motion for presentment of a final child support order and related worksheets. He argued about the parties' incomes, claimed $800.74 must be added back into Nowak's monthly income, requested a $365.75 monthly transportation credit, and asserted there should be no more daycare for any children after June 2019.[3] As evidence of his income, MaGee submitted paystubs between March and June 2019, showing he earned $4,139.12 in gross monthly income. Nowak moved to continue consideration of MaGee's motion.

MaGee filed a second motion for presentment in October 2019. There, again, he raised claims about the parties' incomes, a transportation credit, and daycare costs. Nowak opposed MaGee's motion and filed a competing motion for presentment. Nowak argued "MaGee's income per Trial Exhibit 301 is $2291 for 80 hours of work (two weeks), which totals $4,963.83 per month ($2291 x 26 two-week periods per year, divided by 12 for monthly average), and after deducting taxes and FICA, his net income is $4,060.84." She also initially claimed that the

---

[3] Some of the amounts MaGee claimed in his motion are slightly different than the amounts he testified to in the April 2019 trial.

monthly health insurance premium, for the children only, cost $243.71, but later clarified the cost would decrease to $87.00 per month beginning in January 2020. In response, MaGee asserted Nowak grossly distorted his income and had not been forthcoming with the pending change in health insurance premiums.

On December 2, 2019, the trial court entered an amended parenting plan, along with related findings, requiring all contact between MaGee and the children be supervised by a professional supervisor and for visitation exchanges to occur in Seattle. The next day, the court entered a modified final child support order (the December 2019 order) setting MaGee's monthly support payments at $1,438.21, adopting Nowak's calculation of his net monthly income as $4,060.84. The court rejected MaGee's requests regarding Nowak's income, a transportation credit, daycare costs, and health insurance premiums.[4]

At the end of January 2020, MaGee filed a motion asking the trial court to enter the December 2019 order and its related findings on "Mandatory Form (01/2019) FL Modify 510," contending the order was not final until it was entered on the proper mandatory form. MaGee also claimed that his gross monthly income had been $3,686.74 since December 2017 and reasserted his transportation credit, daycare, and health insurance claims. The trial court denied this motion and denied MaGee's subsequent motion for reconsideration.[5]

---

[4] On January 6, 2020, MaGee filed a notice of appeal challenging, among other things, the December 2019 order but a commissioner of this court dismissed the appeal as untimely. See Ruling Dismissing Appeal, In re Marriage of MaGee, No. 80952-1-I, at 2 (Wash. Ct. App. Feb. 3, 2020).

[5] MaGee also appealed these orders, arguing review of the December 2019 order was warranted because it was not entered on form FL Modify 510. In rejecting this argument, we concluded the

4

On March 12, 2020, MaGee filed a petition to modify the December 2019 order.[6] MaGee claimed another substantial change in circumstances, reporting his gross and net monthly income had decreased substantially to $3,259.55 and $1,613.25, respectively, due to his employer's ill health. And, as he had during the 2019 proceedings, MaGee again made claims about Nowak's income, a transportation credit, daycare costs, and the children's health insurance premium.

Nowak opposed the petition, asserting there was no substantial change of circumstances to justify modifying the child support order. She also asserted that all of grounds MaGee offered to support modification had been raised, heard, and decided by the trial court as of the December 2019 order. Regarding his 2020 income change, Nowak noted MaGee did not receive paid vacations and, as of early September 2020, MaGee had taken at least six weeks of vacation. Nowak also claimed that MaGee's deliberate attempt to increase her legal fees by filing frivolous motions was intransigence and asked for an award of attorney fees.

A trial court commissioner was assigned to hear MaGee's March 2020 petition to modify the December 2019 order and presided over a trial by affidavit on October 23, 2020. The commissioner stated he reviewed six trial binders of material the parties had submitted and was focusing on items dated between December 4, 2019 and March 11, 2020 to determine if there had been a

---

December 2019 order was a final order and declined to consider the merits of his "second untimely effort" to challenge that order. MaGee I, slip op. at 5-6.

[6] Days after filing this petition, MaGee married his current spouse and filed for chapter 7 bankruptcy.

substantial change in circumstances to justify modification.[7]   At the hearing, MaGee argued his boss's ill health contributed to his lower salary, Nowak over-withheld nearly $10,000.00 per year from her income, he should receive a monthly transportation credit, daycare costs were no longer being incurred, and the children's health insurance costs $87.00 a month.

Nowak countered that all of these issues were previously addressed and presented prior to the entry of the December 2019 order. She contended MaGee's reduced gross monthly income was $3,725.20, but that such reduction was attributable to him taking more vacation in 2020 than he did in 2019. Moreover, Nowak asserted MaGee's new spouse earns an income, Nowak reduced his expenses due to living with his spouse, and noted MaGee's bankruptcy cleared him of all debts except for the $30,000.00-plus in judgments he owed to her.

After hearing argument, the commissioner commented, "I find it curious that actually the issue of bankruptcy during this period of time would alleviate a party from commercial debt so I don't see how that is a basis to say child support should . . . be reduced because . . . other obligations would be reduced or eliminated, whereas bankruptcy never eliminates child support." The commissioner also noted MaGee had other resources for addressing the health insurance premium and reduction in daycare costs. Ultimately, the commissioner

---

[7] In their briefs, the parties repeatedly refer to and quote from various "exhibits." But pursuant to KING COUNTY LOCAL FAMILY LAW RULE 14(d)(7), all documents to be considered at a trial by affidavit must be filed with the clerk rather than designated as exhibits. Therefore, it is not always clear what documents the parties are referencing. While some of those clerk's papers were properly designated for our review, others were not. It is the appellant's responsibility to perfect the record on appeal. RAP 9.6(a).

entered an order denying MaGee's petition and awarding Nowak $8,857.00 in attorney fees and costs for intransigence.

MaGee appeals.

ANALYSIS

MaGee asserts 15 assignments of error, which fall into two categories: alleged errors relating to the trial court's substantial change in circumstances determination and claims relating to attorney fees at trial and on appeal. We address these two categories in turn.

I. Substantial Change in Circumstances

Following the October 2020 trial by affidavit, the court found there was no substantial change of circumstances to support MaGee's petition for modification.[8] MaGee claims the trial court erred in denying his petition to modify the December 2019 order because he demonstrated a substantial change in circumstances with his 2020 paystubs and the decreases in childcare expenses.

We review a trial court's child support modification decision for an abuse of discretion. In re Marriage of McCausland, 159 Wn.2d 607, 616, 152 P.3d 1013

---

[8] Ordinarily, we review only specific findings of fact and conclusions of law to which error has been assigned. See RAP 10.3(g); In re Marriage of Drlik, 121 Wn. App. 269, 275, 87 P.3d 1192 (2004) (court reviews only those findings of fact to which the appellant has assigned error). MaGee says the trial court "impermissibly evaded RCW 26.09.075 to deny a modification" and "no facts would have supported an upward deviation to $1,438.21." Here, although MaGee's briefing does not identify specific findings and conclusions, because the order contains combined "Findings & Conclusions," we will treat his assignments of error as sufficient to challenge both. But to the extent he provides no argument in his brief or citations to the voluminous record, we need not comb the record for support for his arguments. See RAP 10.3(a)(6) (argument section of a brief must contain "references to relevant parts of the record"); In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (court will not assume obligation to comb the record for evidence to support a party's arguments); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (court does not consider arguments unsupported by any reference to the record or citation to legal authority).

(2007). Discretion is abused if the trial court rests its decision on unreasonable or untenable grounds or on an incorrect legal standard. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). We will not disturb the trial court's findings of fact so long as they are supported by substantial evidence. In re Marriage of Wilson, 165 Wn. App. 333, 340, 267 P.3d 485 (2011). "Substantial evidence supports a factual determination if the record contains sufficient evidence to persuade a fair-minded, rational person of the truth of that determination." In re Marriage of Spreen, 107 Wn. App. 341, 346, 28 P.3d 769 (2001). We review conclusions of law de novo. In re Marriage of Raskob, 183 Wn. App. 503, 510, 334 P.3d 30 (2014).

A court may modify a child support order when the moving party shows a substantial change in circumstances that the parties did not contemplate at the time the order was entered. In re Marriage of Leslie, 90 Wn. App. 796, 802, 954 P.2d 330 (1998); RCW 26.09.170(5)(a). The burden to prove a substantial change in circumstances lies with the party requesting modification. Spreen, 107 Wn. App. at 346. If the grounds raised for modification were or could have been presented prior to the entry of the order, they are not new and do not constitute a substantial change in circumstances. In re Marriage of Moore, 49 Wn. App. 863, 865, 746 P.2d 844 (1987). A "matter clearly within the contemplation of the trial judge" who entered the order is not a change of circumstances sufficient to support modification. Ware v. Ware, 9 Wn. App. 276, 277, 512 P.2d 742 (1973).

In making its determination that there was no substantial change of circumstances, the court noted that MaGee had argued about Nowak's income, a

8

transportation credit, daycare costs, and health insurance premiums in the 2019 proceedings, stating, "So clearly the judge contemplated a lot of these issues." We agree that none of these claims can serve as a proper basis for modification as they were "clearly within the contemplation of the trial judge" who entered the December 2019 order. See Ware, 9 Wn. App. at 277.

Next, looking to the evidence that was not previously presented to the trial court before entry of the December 2019 order, specifically, though the 2020 paystubs were not available in 2019, the fact that MaGee's income might decrease was very much in the contemplation of the trial court when it entered the December 2019 order. During the October 2020 proceeding, the court explained how the judge who entered the December 2019 order was aware that MaGee is an attorney, knew that attorneys earn more money at certain times and earned less money at others, but nevertheless determined what it believed to be MaGee's income based on the facts before it. Indeed, the trial court entered the December 2019 order after considering evidence and testimony at a four-day trial, the parties' post-trial motions for presentment, financial documents regarding their incomes and expenses both before and after trial, and upon rejecting MaGee's claim that his income was perpetually decreasing.[9] Thus, because it was contemplated by the trial court, the fact that MaGee's income changed again within the period of

---

[9] MaGee contends the trial court erroneously denied his petition "under an impermissible 'threshold test' which was to require [him] to secure and place in evidence" exhibits verifying his employer's economic problems and ill health. The record, however, shows the trial court imposed no such test. Rather, the court stated only that it "would need evidence from that employer" to support MaGee's assertions of his employer's poor health and declining business profits, and MaGee's "anecdotal" comments were insufficient. Moreover, MaGee offered testimony at the April 2019 trial about his employer's ill health so that information was contemplated by the trial court when it entered the December 2019 order.

less than a year between the December 2019 order and the October 2020 trial on his modification petition is not a substantial change in circumstances.

Even if we assumed the trial court did not contemplate in 2019 that MaGee's income would change in the future, "the mere passage of time and routine changes in incomes do not constitute a substantial change in circumstances." In re Marriage of Scanlon, 109 Wn. App. 167, 173, 34 P.3d 877 (2001). See also In re Marriage of Arvey, 77 Wn. App. 817, 821-22, 894 P.2d 1346 (1995) (a $962.00 decrease in monthly net income was not a substantial change). Thus, while the 2020 paystubs show MaGee's gross monthly income decreased by $412.92 as compared to his 2019 paystubs and decreased by $1,238.63 as calculated in the December 2019 order, this change in income does not alone establish a substantial change in circumstances.

Moreover, when "the obligor has other means of paying his or her child support obligation, the trial court has the discretion to enforce the obligation even in the face of a total lack of income." In re Marriage of Blickenstaff, 71 Wn. App. 489, 498, 859 P.2d 646 (1993) (citing Carstens v. Carstens, 10 Wn. App. 964, 965, 521 P.2d 241 (1974)). Here, MaGee submitted several 2020 individual retirement account statements showing a balance of more than $350,000.00, a statement from an investment portfolio showing no growth for the April-June 2020 quarter, and statement balances from a credit union showing debits and credits between January and July 2020.[10] Thus, MaGee's financial declarations showed that he

---

[10] His ER 904 disclosures list several other documents that appear to have been submitted for the trial on his petition for modification, such as his 2020 bankruptcy docket and schedules, multiple bank account statements, and property closing and settlement documents. However, none of these materials were properly designated as a part of the record on appeal for our review.

had access to other resources (i.e., investment and retirement accounts, income from a new spouse and lower household expenditures), so the trial court properly considered those additional resources in ruling on a modification petition.[11] Despite MaGee's decrease in income based on his 2020 paystubs, overall, there was substantial evidence that overall, there had not been a change in circumstances justifying modification of the order entered less than a year prior to the October 2020 trial.

Finally, MaGee claims the trial court improperly narrowed its focus of review on material dated between December 2019 and March 2020 in searching for evidence to support modification. While the court was not constrained to materials falling in this three-month period to decide whether a substantial change in circumstances occurred, we have already concluded above that the documents MaGee filed in support of his petition dated after December 2019 do not support modification. So, even assuming without deciding the court should have also focused on materials after March 2020, any error in not doing so was harmless.

In sum, we conclude that the trial court did not abuse its discretion in denying MaGee's petition based on the failure to show a substantial change in circumstances.

---

[11] MaGee also takes issue with the commissioner's comment during the October 2020 modification proceeding about bankruptcy not being grounds for a child support modification. MaGee claims that he never offered his March 2020 bankruptcy filing as grounds for modification, and, therefore, the trial court erred in finding he "did not need a modification" due to his ability to pay old business debt. But the court made no such finding nor said MaGee's bankruptcy was the ground upon which it was denying the modification petition. The record reveals that the court simply noted how a bankruptcy relieves other financial obligation but never eliminates child support obligations.

II.  Attorney Fees

    A.  Intransigence

MaGee challenges the trial court's decision to award Nowak attorney fees and costs for his intransigence in filing the March 2020 modification petition, which he contends was appropriate. We review an award of attorney fees for an abuse of discretion. In re Marriage of Burrill, 113 Wn. App. 863, 873, 56 P.3d 993 (2002).

An attorney fees award for intransigence may be granted when a party engages in foot dragging, delay tactics, failure to cooperate with counsel, or any other actions that make litigation unduly difficult or costly. In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992) (citations omitted). Here the trial court awarded Nowak $8,857.00 in attorney fees and costs. The court supported this award with this finding:

> The law and the facts do not support Mr. MaGee's requests, and this modification was also used as an attempt to challenge the current Child Support Order, dated 12/3/19, which should have been done via Motion for Reconsideration, Notice of Appeal, and/or Motion to Vacate. Even though Mr. MaGee is representing himself in this matter, he is nevertheless an attorney capable of determining the appropriate legal basis for his court actions. His filing of this Petition without the appropriate legal basis caused Ms. Nowak to incur unnecessary attorney fees and costs.

It is clear from the record that the parties filed thousands of pages of pleadings and exhibits concerning MaGee's modification petition. Most of the issues MaGee raised concerned matters that had previously been litigated, discussed the flaws he saw in the parenting plan and visitation schedule, complained about the judge who entered the December 2019 order, and continued challenging the December 2019 order. Contrary to MaGee's assertions about the

appropriateness of his petition, the court was within its discretion in awarding fees for Nowak having to respond to the petition when there were no adequate grounds to justify modification.

B. Fees on Appeal

In a single sentence, MaGee asks to "be compensated by" Nowak at a reasonable attorney's hourly rate because this matter has precluded him from performing other work that might increase his income. We deny MaGee's bald request for fees. See Thweatt v. Hommel, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992) ("RAP 18.1(b) requires more than a bald request for attorney fees on appeal.").

Nowak also requests attorney fees on appeal under RAP 14.2, RAP 18.1, and RCW 26.09.140. RAP 14.2 authorizes an award of costs "to the party that substantially prevails on review." Because Nowak is the prevailing party on appeal, she will be awarded costs subject to compliance with RAP 18.1(d).

In deciding whether to award attorney fees under RAP 18.1 and RCW 26.09.140, we consider the merit of the issues on appeal and the parties' financial resources, and balance the financial need of the requesting party against the other party's ability to pay. In re Marriage of Kim, 179 Wn. App. 232, 256, 317 P.3d 555 (2014). Considering the claims raised in this appeal and the parties' financial situations as reflected in the record, we deny Nowak's attorney fee request.

We affirm.[12]

---

[12] MaGee asks that the commissioner who presided over the October 2020 trial by affidavit be precluded from presiding over future proceedings in the event we reverse or remand this matter. We decline this request, as the record reveals no basis for us to do so. He also argues Nowak's trial pleadings contained "untruths" about him in violation of RPC 8.4(c) and (d). We decline to

_Chung, J._

WE CONCUR:

_Birk, J._          _Mann, J._

---

consider this argument because MaGee did not raise it in the trial court. RAP 2.5(a). Even if he had raised this claim at trial, we would not review it because MaGee fails to support it with legal argument and citation to the record in his appellate briefing. See RAP 10.3(a)(6); Cowiche Canyon, 118 Wn.2d at 809.