# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

IN RE MARRIAGE OF )
)
JENNIFER ARLENE WILEY, )
) No. 76623-6-1
Respondent, )
) DIVISION ONE
v. )
)
DAVID FRANK WILEY, ) UNPUBLISHED OPINION
)
Appellant. ) FILED: June 4, 2018

2018 JUN -4 AH 8: 59
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

SPEARMAN, J. — Pro se litigant David Wiley appeals the trial court's disposition in a marriage dissolution action instituted by Jennifer Wiley. He challenges the parenting plan and child support order, asserting numerous constitutional violations and flawed evidentiary rulings. Finding no error, we affirm.

## FACTS

David and Jennifer Wiley married in 2004. They have three children, aged 7, 10, and 11 at the time of trial. Jennifer filed for dissolution in July 2015. She and David initially agreed to cohabitate in the family home with the children pursuant to an agreed temporary order until the dissolution proceedings were final. However, in January 2016, Jennifer petitioned for a domestic violence protection order (DVPO). After a hearing, the court found by a preponderance of the evidence that David had threatened Jennifer.

The court entered an order of protection against David effective until February 1, 2017. David appealed and this court affirmed the order.[1]

In November 2016, the parties proceeded to trial on the dissolution. Parenting evaluator Joan Ward testified at trial and provided a written report. Ward noted that all three children are stressed and have mental health problems, particularly T.W., who had recently been diagnosed with autism. Ward recommended that the children remain in their current primary residence with Jennifer as the "primary residual parent due to her history of primary care-taking and her more active involvement with the children's schools and health/mental health providers." (Petitioner's Exhibit 47 at 28). Another factor in Ward's decision was her belief that the children would benefit from remaining in their current school. Ward did not make any specific recommendation regarding domestic violence, other than that the parents should not have any contact with each other. She did recommend a ban on corporal punishment, and expressed concern about David's practice of having the children decide how to punish each other. Ward recommended that the mother have full decision making authority regarding health care, including the use of medication. She recommended that each child have one-to-one time with each parent on a rotational basis.

David moved to exclude Ward's written report on the ground that it was untimely filed pursuant to RCW 26.12.175(b). The trial court denied the motion, stating that a continuance would have been the appropriate remedy, but neither party sought that relief.

---

[1] Wiley v. Wiley, 196 Wn. App. 1059, 2016 WL 6680511 (unpublished opinion filed November 14, 2016).

David also sought to have two of the children testify at trial regarding their residential schedule preferences. Jennifer moved to exclude their testimony on the ground that it would not be in the children's best interests to testify at their parents' highly contentious dissolution proceeding. She also argued that their testimony would be cumulative with that of the parenting evaluator, who had already spoken with the children. The court granted her motion, finding that the children were not sufficiently mature to express reasoned and independent preferences as to the residential schedule.

Following an eight-day trial, the court entered a parenting plan and order for child support. The parenting plan designated Jennifer as the primary residential parent. The plan gave David residential time with the children every other weekend, plus a midweek visit and an additional weekend visit with each child separately on a rotational basis. The plan gave Jennifer sole decision making authority for major decisions including school and non-emergency health care, as both parents were against shared decision making. The court did not place any limitations on either parent's residential time pursuant to RCW 26.09.191, and did not renew the expired DVPO.[2] The court also entered an order requiring David to pay child support to Jennifer.

The trial court denied David's motion for reconsideration, and entered a final divorce order and decree. David appeals.

---

[2] RCW 26.09.191(2)(iii) provides that parenting plans may place restrictions on residential time and mutual decision-making based on a finding that the parent has engaged in certain types of conduct, including "a history of acts of domestic violence."

## DISCUSSION

### Scope of Appeal

As a preliminary matter, Jennifer asks this court to decline to review issues raised in David's brief that were not identified in his Statement of Arrangements. RAP 9.2(c) provides that "[I]f a party seeking review arranges for less than all of the verbatim report of proceedings, the party should include in the statement of arrangements a statement of the issues the party intends to review." David's Statement of Arrangements mentioned two issues: (1) whether the children should have been allowed to testify in court, and (2) whether the trial court erred in admitting the parenting evaluator's written report. David's appellate briefing included these issues, plus three more: (1) whether Jennifer made false statements to the court; (2) whether the court properly applied the "best interest of the children" standard in making the parenting plan determination, and (3) whether the child support statute is constitutional.

The party seeking review has the burden of providing this court with an adequate record to review the issues raised on appeal. Fahndrich v. Williams, 147 Wn. App. 302, 307, 194 P.3d 1005 (2008). "In general, '[a]n insufficient record on appeal precludes review of the alleged errors.'" Cuesta v. State, Dep't. of Emp't Sec., 200 Wn. App. 560, 568, 402 P.3d 898 (2017) (quoting Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). David chose not to order a full transcript of the verbatim report of proceedings, and the record before us is not complete. However, it is adequate to consider the merits of David's arguments, where it is appropriate to do so.

## False Statements

David asserts that the trial court found that Jennifer made false statements to the court. On this basis, he argues that the trial court erred in failing to establish the validity of the statements Jennifer made to the parenting evaluator. He contends that the error deprived him of due process and his fundamental liberty interest in retaining custody of his children.

There is no indication in the record before us that David raised this issue to the trial court below. We decline to consider an issue raised for the first time on appeal unless it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); Mellish v. Frog Mountain Pet Care, 172 Wn.2d 208, 221-22, 257 P.3d 641 (2011). "'Manifest' in RAP 2.5(a)(3) requires a showing of actual prejudice." State v. Kirkman, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). "[T]he focus of the actual prejudice must be on whether the error is so obvious on the record that the error warrants appellate review." State v. O'Hara, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009).

David has not made the required showing to permit appellate review. First, he has not demonstrated that the alleged error is of constitutional dimension. Unlike termination proceedings, the fundamental parental liberty interest is not at stake in a dissolution proceeding. King v. King, 162 Wn.2d 378, 386-87, 174 P.3d 659 (2007). The entry of a parenting plan "does not terminate the parental rights of either parent, but rather allocates or divides parental rights and responsibilities in such a way that they can be exercised by parents no longer joined in marriage." Id. at 385-86. Here, the court entered a parenting time schedule that designated Jennifer as the primary residential parent and included a regular schedule of residential time for David, with no restrictions

based on RCW 26.09.191. The court did not terminate David's parental rights. His fundamental parental liberty interest was not infringed.

Moreover, the record contains no support for David's claim of error. Contrary to David's assertion, the trial court did not rule that Jennifer made statements at trial that contradicted earlier sworn statements at the DVPO hearing. Nor did the trial court find that false testimony formed the basis for the temporary orders. Rather, the court compared the evidence that was before the commissioner at the DVPO hearing with the evidence that was presented during trial and concluded "there is insufficient evidence to support a finding of abuse or domestic violence." Verbatim Report of Proceedings (VRP) (12/23/2016) at 175-76. The court expressly noted that the DVPO was issued based largely on affidavits at an "abbreviated hearing," whereas the eight-day trial provided "considerably more evidence upon which to draw" a different conclusion. Verbatim Report of Proceedings (VRP) (12/23/2016) at 176. Accordingly, the court did not impose restrictions on David pursuant to RCW 26.09.191—a favorable outcome for him. There is simply no factual basis for David's claim that Jennifer made false statements or that she perpetuated fraud on the court. Even if we were to grant review, we would conclude that his claim is devoid of merit.

### Parenting Evaluator's Report

After several continuances, parenting evaluator Joan Ward submitted her final report 37 days before trial began. David argues that the trial court erred by denying his motion to exclude the report on the ground that it was filed less than 60 days before trial pursuant to RCW 26.12.175(b). "We review a trial court's decision to admit or exclude evidence for an abuse of discretion." Salas v. Hi-Tech Erectors, 168 Wn.2d 664, 668,

230 P.3d 583 (2010) (citing State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993) (citing Hizey v. Carpenter, 119 Wn.2d 251, 268, 830 P.3d 646 (1992)).

We disagree with David. RCW 26.12.175(b) provides that "[t]he guardian ad litem shall file his or her report at least sixty days prior to trial." This statute does not govern parenting plan reports. The trial court nevertheless addressed David's motion as if the statute did apply. The court noted that RCW 26.12.175(b) does not provide for a specific remedy in the event the report is not timely filed. It asked whether David's reason for not requesting a continuance was because he preferred to get the trial underway. David agreed, and added that he believed Ward's testimony would be sufficient without the report. The court ruled that the appropriate remedy would be a continuance to provide additional time to review the report, rather than excluding the report altogether. It explained that "there's no substitute for a written report" because it is "the expert's last word on the opinion that they wish to give" and is "helpful for me to have that item in chambers so that I can read it carefully. . . ." VRP (11/29/16) at 45-46. The court denied David's motion to exclude, stating that "I understand the need to have sufficient time with a report, but the best remedy when you don't have enough time is to get more time. And nobody apparently wants more time." VRP (11/29/16) at 46. This was not an abuse of discretion.[3]

---

[3] Furthermore. Ward's written report was consistent with her testimony, to which David did not object or claim as error on appeal. We fail to see any prejudice stemming from admission of the report and David identifies none.

## Children's Testimony

David argues that the trial court erred in granting Jennifer's motion to exclude the testimony of the children. He contends that the children have a due process right to testify under the United States Constitution, the United Nations Convention on the Rights of the Child, and Washington state law, and asserts that no statutory exclusion exists on the basis of age or dependency. He further contends that because Jennifer's testimony was fraudulent, the court's refusal to allow the children to testify prejudiced him.

This argument is entirely lacking in merit. "In matters affecting the welfare of children ... the trial court has broad discretion, and its decision are reviewed only for abuse of discretion." Caven v. Caven, 136 Wn.2d 800, 806, 966 P.2d 1247 (1998). We also review a trial court's evidentiary rulings for abuse of discretion. Hollins v. Zbaraschuk, 200 Wn. App. 578, 580, 402 P.3d 907 (2017), rev. denied, 189 Wn.2d 1042, 409 P.3d 1061 (2018).

RCW 26.09.187(3)(a)(vi) provides that the court shall consider "[t]he wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule,..." The trial court noted that David's request to have the children express their preferences by testifying in court was extremely unusual, stating that "[t]his is the first time I've ever had a parent who actually wanted to bring a child into court to testify in the midst of a custody dispute between the child's own parents." VRP (11/29/16) at 21. The court called David's request "a pretty rough deal" and refused to subject the children to it, "especially since I have no reason to believe and I don't believe that they're old enough and objective

enough and mature enough to make reasoned decisions on the question of where they should be the majority of the time." VRP (11/29/16) at 23. The children are young, and there is evidence in the record that they all suffer to some degree from mental health problems and that they do not get along with each other. The court's decision to exclude their testimony was manifestly reasonable and well within its discretion.

Moreover, although David asserts that the children have a right to testify, the record does not demonstrate that the children actually wanted to do so. David simply asked them if they "wish to have a say." VRP (11/29/16) at 19. The children did in fact have an appropriate, safe forum in which to express their views: interviews with the parenting evaluator. There is no authority for the proposition that children have a statutory, constitutional, or international treaty right[4] to express their preferences by testifying in court. And given that there is no evidence that Jennifer's testimony was fraudulent, there is no basis for David's claim of prejudice.

<u>Best Interests of the Child</u>

RCW 26.09.002 provides that "[i]n any proceeding between parents under this chapter, the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." The court considers seven factors in determining residential provisions for each child, with the greatest weight placed on "the relative strength, nature, and stability of the child's relationship with each parent." RCW 26.09.187(3)(a)(i). "A trial court's rulings dealing with the

---

[4] In addition, as Jennifer correctly notes, the United States has not ratified the United Nations Convention on the Rights of the Child.

provisions of a parenting plan are generally reviewed for abuse of discretion." Lawrence v. Lawrence, 105 Wn. App. 683, 686, 20 P.3d 972 (2001).

David argues that the trial court violated his constitutional rights and misapplied the "best interests of the child" standard in finding that Jennifer should be the primary residential parent absent a finding that he was an unfit parent. However, as discussed above, the parenting plan did not deprive David of his rights as a parent. Rather, it designated Jennifer as the primary residential parent, with regular residential time for David. Cases cited by David regarding termination of parental rights are inapplicable here.

David also contends that the residential decision improperly rested on the parenting evaluator's presumption that the placement of a child with the parent who has been the primary caregiver is in the child's best interest.[5] We disagree. There is no evidence in the record before us that the parenting evaluator based her decision on a presumption in favor of the primary caregiver. The trial court acknowledged that the parenting evaluator was required to make her recommendation based on the seven factors in RCW 26.09.187. It found that she did so, and that her analysis was "reasonably sound given the information that she had." VRP (12/23/16) at 183. We defer to the trier of fact for the purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. Thompson v. Hanson, 142 Wn. App. 53, 60, 174 P.3d 120 (2007).

---

[5] The Parenting Act of 1987, Laws of 1987, ch. 460, requires the court to consider seven statutory factors when making residential decisions. It includes no presumption in favor of the primary caregiver. RCW 26.09.187(3)(a); In re Kovacs, 121 Wn.2d at 809.

David further argues that the residential decision was not in the best interests of the children because the trial court found Jennifer had no credibility. However, as discussed above, the trial court made no such finding. David also claims that the parenting plan must be vacated because the trial court admitted it lacked the appearance of justice. But the trial court made no such admission. Rather, in explaining its rulings to the parties, the trial court stated that the "best interest of the children" standard for parenting plans differs from the "fair and equitable" standard for distribution of marital property and debt. Accordingly, the court stated that "[w]ithout telling you that this parenting plan is unjust, I'm going to tell you that justice in regard to a parenting plan is regularly, often and, perhaps in this case, beside the point." VRP (12/23/16) at 184. David has not shown that the trial court erred in applying the "best interests of the child" standard.

### Constitutionality of Child Support Statute

David argues for the first time on appeal that Washington's child support statutes are unconstitutional. See chapter 26.19 RCW. Citing a federal statute that grants money to states for maximizing child support, David asserts that the State has entered into contract with the federal government to involuntarily enter parents into bills of attainder which help fund the State itself, thereby overriding the liberty rights of parents and children.

"Statutes are presumed to be constitutional, and the burden to show unconstitutionality is on the challenger." Amunrud v. Board of Appeals, 158 Wn.2d 208, 215, 143 P.3d 571 (2006) (citing In re Marriage of Johnson, 96 Wn.2d 255, 258, 634 P.2d 877 (1981). "This standard is met if argument and research show that there is no

reasonable doubt that the statute violates the constitution." Amunrud, 158 Wn.2d at 215 (citing Larson v. Seattle Popular Monorail Auth., 156 Wn.2d 752, 757, 131 P.3d 892 (2006).

The State has a well-established compelling interest in the welfare of children and the protection of their fundamental right to support. Johnson, 96 Wn.2d at 263. "Public enforcement of child support is a recognized governmental function" that "has a historical and continuing basis in our law." Id. at 262. "Where minor children are involved, the state's interest is that, in so far as possible, provision shall be made for their support, education, and training, to the end that they may grow up to be worthy and useful citizens." Id. at 263 (quoting Corson v. Corson, 46 Wn.2d 611, 615, 283 P.2d 673 (1955). David's brief, insubstantial arguments and inapposite citations fail to overcome the presumption of constitutionality. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) (citing State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)).

## Attorney Fees

Jennifer requests attorney fees on the ground that David's appeal is frivolous. RAP 18.9(a) permits us to award attorney fees as sanctions, terms, or compensatory damages when a party files a frivolous appeal. Advocates for Responsible Development v. Western Washington Growth Management Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). "[A]ll doubts as to whether an appeal is frivolous are resolved in favor of the appellant." Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). "An appeal is frivolous when there are no debatable issues over which reasonable minds

could differ and there is so little merit that the chance of reversal is slim." <u>Kearney v. Kearney</u>, 95 Wn. App. 405, 417, 974 P.2d 872 (1999). We conclude that David's appeal is frivolous, and we grant Jennifer's request for attorney fees.

Affirmed.

WE CONCUR: